The Chancellor.
After carefully examining all the facts and circumstances of -this case, I have come to the conclusion that it is proper and just that an allowance should he made for the hoard and maintenance of Mary McCullough, during the period of her permanent residence with Joseph Reading. It is true, where a person renders services to another relying solely upon his generosity, and expecting to he compensated hy a legacy, he cannot, when disappointed in his expectation, maintain *371 an action at law for the value of those services. Mrs. McCullough, when she went to reside and make her home with Mr. Reading, was nearly eighty years of age. She liad between fifteen hundred and twro thousand dollars of her own, which Mr. Reading, at her particular request, received into his hands for the purpose of investing for her benefit. In October, 1843, some three years after her residence with Mr. Reading, she made her will, leaving the principal part of her property to her daughter, Mr. Reading’s wife. In October, 1848, her son came from Ohio, and took his mother home with him. She was then eighty-five years of age. In less than two months she made her will, and in less than four months after died. By the last will, she gives Mrs. Reading a legacy of two hundred dollars, and to her son, the complainant, she gives nearly all the residue of her property. There is no dispute as to her competency to make a will. It is very certain that Mr. Reading expected his wife to he the principal beneficiary of the testatrix, and lie had a right to expect it. The old lady had lived in his house for uearly eight years, and had been kindly and tenderly cared for. At tlie age of eighty-five, she is carried off to the state of Ohio, and before she had been under her son’s roof two months, she makes a will in 1ns favor, and forgets the obligations she was under to those who had watched over and protected her in her old age. Her age and situation, in relation to the complainant, account for this, without attributing to her the sin of ingratitude. These considerations can do Joseph Reading no good, in a legal point of view, but they are of a character to induce a court to look at the claim he sets up with a favorable eye. This old lady ivas maintained by him for eight years. The law implies a contract on her part to remunerate him. To deprive him of the benefit of this implication, the court should be satisfied that he looked alone to Mrs. McCullough’s wfill for remuneration, and intended to rely upon her generosity solely. I am not satisfied from the evidence *372 that such was Joseph Reading’s intention. Mrs. McCullough lived with him more than three years without making a will; and after she did make it, there is evidence of but once when the subject was ever mentioned between them. Mrs. Reading intended that he should be remunerated for the benefits conferred. He has a legal and equitable claim to such remuneration, and I do not consider that there is any evidence of a character to deprive him of his legal rights.
But a further claim is set up by the defendants in behalf of their intestate, which is for compensation rendered by Joseph Reading, as the agent of Mrs. McCullough, in taking care and charge of her business. I am disposed to allow to the defendants all I can in this case, but I do not think this claim can be supported. All the service proved to have been rendered was this. He received her money, and put it out at interest, and accounted to her for the interest from time to time. It is not shown how this service was rendered. The character of the investments is not shown. Indeed, from anything that appears to the contrary in the case, Mr. Reading used this money in his own business, without making any investment in the name of Mrs. McCullough. Under the circumstances this service was rendered, the law will not imply any obligation on the part of Mrs. McCullough to remunerate Mr. Reading. These services were performed during a period of eight years. If Mr. Reading intended to charge commissions, he should have made the charges, and deducted them from time to time, as he accounted with his principal.
In taking the account, a proper allowance will be made by the master for the maintenance of Mrs. McCullough during the period she resided with him after the 14th of February, 1840.