JULIA E. FREAN, RESPONDENT, v. EDWARD J. HUDSON, EXECUTOR OF THE LAST WILL AND TESTAMENT OF CORNELIA A. B. HUDSON, DECEASED, APPELLANT.

Submitted December 7, 1914—Decided March 1, 1915.

1. Whether services are rendered upon an express or implied promise that compensation will be made therefor, or are performed gratuitously with a hope of receiving a legacy from a person for whom the services are rendered, is a question to be submitted to a jury when the testimony leaves the matter in dispute, the burden being on the plaintiff to establish the fact that the services were *not rendered gratuitously,* but upon a distinct understanding that he should be compensated.

2. In this case there was testimony from which it may be inferred that the services were rendered upon a promise that they should be paid for, and were not gratuitous, relying upon a legacy as compensation, and therefore a refusal to nonsuit or to direct a verdict for defendant, was not error.

On appeal from the Hudson County Circuit Court.

For the appellant, *Elmer W. Demarest.*

For the respondent, *Frederic E. Chamberlin.*

The opinion of the court was delivered by

BERGEN, J. This action was brought by the plaintiff against the estate of Cornelia A. B. Hudson to recover compensation for services, for which she recovered a judgment, and the defendant appeals. The only reasons argued by the appellant for a reversal of this judgment, is the refusal of the trial court to grant a nonsuit, or to direct a verdict for the defendant, and they are pressed largely upon the ground that no contract to pay can be inferred from services when the plaintiff was a member of the decedent's family. The evidence shows that the plaintiff was not a relative in any degree of the decedent, and that she came to live with the decedent at her request in the year 1895, and remained with her until her death in September 1913, and there is abundant evidence that the plaintiff performed for the decedent services for which she seeks to recover, and that she expected to be paid for them; that she asked for payment repeatedly, and that the deceased promised to pay her as soon as she had the money. We do not think from the evidence, that the relations which existed between the plaintiff and the deceased so conclusively established the fact that the services were gratuitous as to justify either the nonsuit or direction in favor of the defendant which the trial court refused. The plaintiff called several witnesses, and was allowed to testify herself without objection, and if this testimony is to be believed, a fair inference may be drawn from it, that there was an express promise to pay what the services were reasonably worth.

The physician who attended the deceased, testifies that the plaintiff more than once complained to the deceased that she was not being paid for her services, and that the deceased replied, "If I had it, I would pay you, Julia," and on

another occasion she said, "You will receive your pay finally." This testimony would seem to indicate an express promise to pay. Whether the testimony is to be believed was for the jury to determine, and not for the court. It is also urged, that the services were rendered gratuitously relying upon a hope or expectation that the decedent would compensate the plaintiff by a legacy. What the witness testified to on this subject, was this: "Q. Did she say she would leave you something in her will?" "A. Yes, she did; if the amount is not settled, I will take care of you in my will." This we do not conceive to be a performance of services in expectation of a legacy; on the contrary the record shows that the plaintiff was asking for her pay, and the deceased told her more than once that she did not have any money, that her son took it all, and the promise to pay the debt by a provision in her will, is not conclusive proof that the services were performed in consideration of the proposed legacy, for the debt, if it existed, was then due because of at least a partial performance of the contract by the plaintiff. It was a mere excuse to put off the payment of an existing debt. To support the proposition urged, it must appear that the plaintiff rested her right to remuneration solely upon such generosity as Mrs. Hudson might express in her last will and testament. *Grandin* v. *Reading,* 10 *N. J. Eq.* 370.

Whether services are rendered upon an express or implied promise that compensation will be made therefor, or are performed gratuitously with a hope of receiving a legacy from the person for whom the services are rendered, is a question to be submitted to the jury when the testimony leaves the matter in dispute, the burden being on the plaintiff to establish the fact that the services were not rendered gratuitously, but upon a distinct understanding that he should be compensated. *Davison* v. *Davison,* 13 *N. J. Eq.* 246. In the case under consideration, there was testimony from which it may be inferred that the services were rendered upon a promise that they should be paid for and were not gratuitous. This raised a question for the jury to determine and the refusal to nonsuit or direct a verdict for defendant

was not error. Some portion of the appellant's brief is addressed to the sufficiency of the evidence which might be pertinent on a rule to show cause. The only question presented by this record is whether the trial court was justified in its refusal to allow the motions to nonsuit, and direct a verdict for the defendant which are the only legal errors that the record presents for our consideration.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, BOGERT, VREEDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, JJ. 15.

*For reversal*—None.