ROSINA SCHMETZER, PLAINTIFF, v. EWALD BROEGLER, EXECUTOR OF AUGUST OTTO BROEGLER, DECEASED, DEFENDANT.

Submitted March 21, 1918—Decided November 6, 1918.

1. Where services are rendered under an express agreement to pay for them generally by a legacy without any agreement as to the amount or character of the legacy, except that it is to pay for the services, an agreement is implied that the legacy shall be sufficient to compensate for the reasonable value of the services.

2. In such case the legatee has an election between accepting the legacy in full payment, or rejecting it and enforcing his claim for the reasonable value of the services.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the plaintiff, *Elmer W. Romine.*

For the defendant, *Peter W. Stagg.*

The opinion of the court was delivered by

PARKER, J. There were three claims in the complaint; the first for the reasonable value of services alleged to have been rendered by the plaintiff to the deceased in his lifetime, substantially as a house servant over a period of about six years; the second claim, set up by the second, third and fourth counts, was for moneys loaned by plaintiff to the defendant; and the last claim, which was set up in the fifth count, was for rent collected by defendant for the use of the plaintiff in his lifetime. The jury found a verdict in favor of the plaintiff for $1,240 which is attacked under this rule on the grounds, first, that there was not sufficient evidence to justify a verdict for the amount of money claimed to have been loaned; second, that the verdict was against the weight of evidence in finding in favor of plaintiff for alleged wages, because the evidence showed that the deceased paid the plaintiff for all wages due her by a legacy in his will; third, that the verdict is excessive in allowing to the plaintiff a larger amount for wages than she was entitled to for the services that she rendered the deceased in his lifetime.

With respect to the alleged loan, the testimony indicated that plaintiff had loaned to the deceased moneys amounting to some $400. This appeared by the testimony of a witness who drew the will of the deceased and who swore that the deceased in his presence and in the presence of the plaintiff admitted

the obligation and said that it would be repaid. We find no testimony in contradiction of this, and plainly should not disturb any finding made by the jury that there was such a loan and that it had not been repaid.

So far as relates to the money had and received by the deceased for the use of the plaintiff, the item is not questioned and, in fact, is conceded by counsel supporting the rule. It is not covered by any of the reasons filed.

As to whether the jury allowed an excessive amount for services rendered by the plaintiff to deceased, we think that if they were properly entitled to consider that question, the verdict is a moderate one. Taking the loan at $400 and the rents collected at $185 as conceded by defendant, the allowance for work and labor, without considering the question of interest, would be $655. The jury were entitled to find that the plaintiff had worked for the defendant over a period of five or six years, not giving to his service all of her time, perhaps; but plainly enough amply to justify the award made by the jury in that regard of $10 a month or less. The deceased was an old man, apparently on bad terms with his family, and living alone, and the plaintiff seems to have done all the necessary work about his establishment.

The really important question in the case is whether this claim for services is defeated because the deceased left her a mortgage of $300 as a legacy. It is not pretended that the services were voluntarily rendered as by a member of the household and without any promise to pay for them; on the contrary, all the evidence on the subject points to admissions made by the deceased more than once in the presence of outside witnesses that plaintiff was entitled to be paid for the services that she was rendering, and that she would be paid for them some time. If so, she had a claim clearly enforceable at law after his death unless it was satisfied by the legacy in question.

The rule is, of course, well settled that where the services are rendered on the mere expectation of a legacy and no legacy is left, there can be no recovery. *Grandin* v. *Reading*, 10 *N. J. Eq.* 370; *Stone* v. *Todd*, 49 *N. J. L.* 274, 280. On

the other hand, it is equally well settled that where services are rendered under a specific agreement to compensate for them by a legacy and no testamentary provision is made, an action will lie upon a *quantum meruit*. *Stone* v. *Todd, supra; Cullen* v. *Woolverton*, 65 *Id*. 279; *Gay* v. *Mooney*, 67 *Id*. 27; *affirmed, Id*. 687. The present case presents the intermediate situation of services rendered, as the jury was entitled to find, under a definite promise to pay for them by a legacy, and a legacy actually left by testator which, in the view of the plaintiff and apparently of the jury, was insufficient as compensation. Decisions embodying this feature are rare. In New York the rule laid down by the Court of Appeals seems to be that if the legacy be inadequate as payment for the fair value of the services rendered, the claimant may either refuse it and sue for the full value of such services, or may accept it in part payment and bring suit for the balance. *Reynolds* v. *Robinson*, 64 *N. Y.* 589; *S. C.*, 82 *Id*. 103. On the other hand, the Supreme Court of Errors of Connecticut has intimated that when the claimant has agreed to accept payment for his services by a legacy not defined as to amount or character of property to be bequeathed, it was tantamount to an agreement leaving the amount of compensation to be determined by the deceased, and that if that amount afterwards appears to be insufficient, nevertheless the claimant has no right to complain. *Lee's Appeal*, 53 *Conn*. 363.

We find ourselves unable to assent to the rule as laid down by the New York court on the one hand, and are loath to adopt the apparent severity of the Connecticut rule on the other. Indeed, it is both difficult and dangerous to lay down a hard and fast rule to meet all cases of this character; for much depends upon the ascertainment of the exact agreement between the parties.

In the case at bar the jury were entitled to find upon the testimony that the plaintiff, having worked for the deceased a certain length of time without being paid, raised the question of payment and was told then, and as we understand the testimony, thereafter also, that she was going to be paid for all the work she did for him, that she would not lose anything

by staying with him.    Disregarding the testimony of one witness that the deceased said that everything would belong to her when he died, it is nevertheless legitimate to read out of the conversations of the parties that plaintiff agreed to stay and work for him in consideration of his agreement that at his death she should be paid for her work.   This can mean nothing more nor less than that she would receive reasonable compensation for her work under his will, and the inference cannot fairly be drawn that she left it for him to decide what the reasonable compensation for that work should be.    On the contrary, it was open to the jury to say from the testimony that she did not assent to his judgment in the matter; because the evidence shows that she was present at the time his will was drawn and heard him dictate the provision about leaving the $300 mortgage to her, and that she asked whether that was all she was going to get, and in the language of the witness "she was not satisfied with it." We think the correct rule to be that where services are rendered under an express agreement to pay for them generally by a legacy without any agreement as to the amount or character of the legacy, except that it is to pay for the services, an agreement is implied that the legacy shall be sufficient to compensate for the reasonable value of the services, and the legatee may at his election accept the legacy, in which case he is estopped from alleging its insufficiency and barred of any further action; or may refuse the legacy and sue for the value of the services as on a *quantum meruit.* In the case at bar, as the trial judge stated to the jury, it was not contended that the plaintiff accepted the $300 legacy; and not having accepted it, she was entitled under the agreement, as evidently found by the jury, to enforce a claim for the reasonable value of the services rendered by her.

These considerations result in a discharge of the rule to show cause.