Essex County Orphans Court.

In the matter of the estate of MARY CURRAN, deceased.

[Decided July 7th, 1925.]

### Accounting—Gifts of Savings Bank Pass Books With Intent to Make a Gift of the Deposit Carries With It the Fund—Courts Take Liberal View in Relation of Gifts of Choses in Action.

On exceptions to account.

*Messrs. Parker, Emery & VanRiper,* for the accountant.

*Messrs. Mulligan & Koenig,* for the exceptants.

KOCHER, ADVISORY MASTER.

Bridget Connor, the administratrix of the estate of Mary Curran, deceased, filed her account as such executrix, to which account exceptions were filed by three of the grandchildren and next of kin of intestate.

Among the exceptions is one wherein it is objected that accountant is not entitled to allowance for the amount paid Bridget Connor, individually, under claim of gift of a certain bank account in the Howard Savings Institution to the amount of $3,584.33.

Upon the cover of the bank book the following sections from the by-laws of the Howard Savings Institution are printed:

"Article 10. All deposits shall be entered in the books of the institution, and a deposit book shall be given to each depositor, in which the deposits shall be entered, and which shall be the voucher for the depositor; and possession of such deposit book may be treated by the institution as authority to pay the amount due thereby to the person producing the same, and all payments so made shall be deemed good and valid payments to the depositors, respectively.

"Article 11. All drafts must be made personally, or by order in writing of a depositor, if the institution has the depositor's authorized signature, or by letter of attorney duly authenticated, but no person shall have the right to demand any part of the principal or interest without producing the deposit book that such payments may be entered therein."

At the hearing it was suggested that before proceeding to take testimony as to whether there was an actual gift of the bank book, that the question of law as to whether there could be a gift of such bank book without a draft or order in writing by the depositor, no such draft or order having been given with the bank book should be considered.

It appears to be settled in this state that the delivery of a savings bank pass-book, with the intent to make a gift of the deposit, carries with it the fund. *Van Wagenen* v. *Bonnot, 72 N. J. Eq. 143;* concurred in by the court of errors and appeals, *74 N. J. Eq. 843; Laing* v. *Durand, 84 N. J. Eq. 404.* In the *Van Wagenen Case, supra,* however, no mention of any draft, or the requirements of one, is made, and, in the *Laing Case, supra,* this significant language was used: "There seems to be no requirement for a draft in making withdrawals. Deposits and withdrawals are entered in the pass-book as they are made.

"It appears from the decisions of our courts that they take a liberal view in relation to gifts of choses in action. Thus, in *Travelers Insurance Co.* v. *Grant, 54 N. J. Eq. 208,* it was said that bonds and other non-negotiable obligations for payments of money may be subject of a valid gift, and that a delivery of the obligation to the donee, without written assignment, but with a clearly-manifested intention to make a gift, is sufficient to satisfy the rule requiring delivery of the things given. The sensible rule is that the delivery must be such a tradition as the nature of the subject admits of. And, surely, the delivery of the formal writing, which evidences the debt and forms a foundation of the right of action, is the best and only delivery of which the subject is capable." And in that case it was held that a policy of life insurance payable to "the legal representative of the insured" may be

made the subject of a gift in the same manner as a bond or other moneyed obligation, with the same results and without a formal assignment, even though the policy contained a provision that no assignment hereof will be noticed by this company unless made in writing, and unless a copy of such assignment shall be given to this company within thirty days after its execution.

In the case of *Corle* v. *Monkhouse, 50 N. J. Eq. 537,* it was held that the doctrine now generally recognized as the true one is that a valid gift of a promissory note, held by the donor against another person, may be made by simple delivery and without writing of any kind.

Perhaps the most accurate statement of this doctrine to be found in any of the cases is that which was made by Chief-Justice Shaw in *Parish* v. *Stone, 14 Pick. 198 (205),* where he says: "But whatever doubts may have existed, it has been decided that, as an assignment of a chose in action is now recognized as a good transfer of the equitable interest, and as such equitable assignment is manifested by a delivery over of the bond or other security for money by a gift of such bond, accompanied by an actual delivery of the bond, an equitable interest vests in the donee, and the executors of the donor, in whom the legal interest remains, are mere trustees for the donee, and bound to permit the donee to use their names to enforce the payment of the bond at law."

No case decided by the courts of New Jersey directly in point has been pointed out, nor have I been able to discover any such case, but it would appear from an application of the principles enunciated in the cases above cited that it should be held that the delivery of a savings bank book with the intent to make a gift of the deposit carries with it the fund. This point has been variously decided in other states, the great weight of opinion favoring the rule above stated. The case of *Ridden* v. *Thrall, 125 N. Y. 572,* decided by the court of appeals, is, however, directly in point, and the by-laws printed upon the savings bank book were, to all intents and purposes, the same as those in the case under consideration, and the court, in deciding that the

gift of the bank book without any order or power of attorney by the donor, used the following language: "Suppose the plaintiff had purchased the book, and had thus become the absolute owner thereof, he could have drawn the money as owner on presentation of the book, and the bank could not have required as a condition of payment that he should procure a power of attorney, or an order from one having no interest, legal or equitable, in the deposit. The owner in such a case should produce satisfactory evidence of his ownership of the book, and if the bank refused to pay he would be obliged to establish such ownership by any competent evidence, and nothing more, and his right as purchaser would be no greater than his right as donee. He has the same right to enforce a payment that he would have had if he had been the donee of any non-negotiable chose in action, or a certificate of deposit, or unendorsed note. He could establish his right to payment in such a case by any proof showing that he was the absolute legal or equitable owner.

From the reasoning of the various New Jersey decisions above quoted and that contained in *Ridden* v. *Thrall, supra,* I am of the opinion that a savings bank book may be the subject-matter of a gift, even though conditions concerning the withdrawal of the fund are those which appear in this case, without any order or power of attorney by the owner of the savings bank book.

No testimony as to the circumstances surrounding the gift was taken in this case. As has been said before, it was thought wise to solve the legal problem before burdening the record with testimony which might become unnecessary. Counsel may, therefore, arrange for an early date in which the necessary testimony can be taken.