10 N.J. Super. 185 (1950)
76 A.2d 836
WILLIAM GEORGE HOEY, EXECUTOR OF THE LAST WILL AND TESTAMENT OF MARY JANE HOEY, PLAINTIFF-APPELLANT,
v.
ANNA HOEY DELL, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 6, 1950.
Decided November 20, 1950.
*186 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. Edward R. McGlynn argued the cause for the appellant (Messrs. McGlynn, Weintraub & Stein, attorneys).
Mr. Walter P. Reilly argued the cause for the respondent (Messrs. Sanderson & Engel, attorneys).
The opinion of the court was delivered PER CURIAM.
The testimony presented below is set forth in the opinion filed by Judge Stein and reported at 7 N.J. *187 Super. 398 (Ch. Div. 1950); we agree with his conclusion that it established a valid gift on Thanksgiving Day, 1948, from the decedent to the defendant of the sum on deposit in the savings account at the Savings Investment and Trust Company of East Orange.
The appellant urges that under R.S. 2:97-2 the court should have excluded the defendant's testimony of her conversation with the decedent at the time of the gift. However, the first objection to this testimony was not made until long after it was completed; it came too late. See Rowland v. Rowland, 40 N.J. Eq. 281, 284 (E. & A. 1885). Furthermore, it was admissible since the complaint included a charge of misrepresentation, fraud and deceit. See Neuman v. Fantl, 119 N.J. Eq. 351, 355 (E. & A. 1935).
The appellant further urges that the gift was incomplete because the withdrawal slip was signed by the decedent in blank. We consider this point to be without merit. The delivery of the savings bank book with donative intent, plus the signed withdrawal slip with authority in the defendant to fill it in, effectively stripped the decedent of dominion and control of the account; indeed, our courts have recognized the validity of such gift even where the delivery of the book was not accompanied by any withdrawal slip. See In re Curran, 3 N.J. Misc. 717 (Orphans Ct. 1925); Hickey v. Kahl, 129 N.J. Eq. 233, 238 (Ch. 1941). Cf. Long Branch Banking Co. v. Winter, 112 N.J. Eq. 218, 220 (E. & A. 1933).
The judgment is affirmed.