## MADDOX *vs.* ROWE.

Notwithstanding the original bill be sworn to, yet the amendment to it need not be, unless it be necessary to continue the injunction.

A father and son agree that the son shall convey to the father a certain lot of land, in consideration of which the father undertakes and promises to devise to the son two other lots, and also property to compensate him for services rendered. A bill to enforce this agreement is not demurrable for multifariousness.

In Equity, in Troup superior court. Decision by Judge BULL, November Term, 1858.

The facts of this case will be found fully reported in 23rd Geo. Rep.

The principal object in this bill was to set up and enforce an agreement, made between complainant and his father, in relation to two lots of land, which, for a valuable consideration received, his father had agreed to devise to complainant in and by his last will and testament, and which he failed to perform, on account of a defective execution of his will, the same not being attested by three credible witnesses, there being only two witnesses to the same. There was a demurrer to the bill which was overruled; to which decision defendants excepted, and the

case coming up before the supreme court, the judgment of the court below was affirmed. (See 23rd Geo. Rep.)

At the subsequent trial in the court below, plaintiff having filed an amendment to his bill, counsel for defendants moved to strike said amendment from the files. The court refused the motion and defendant excepted.

Counsel for defendants then demurred to the bill as amended, on the ground of multifariousness.

The court overruled the demurrer and defendant excepted.

The following is the amendment allowed:

"The complainant amends his bill by leave of the court, first had and obtained as follows: And your orator expressly states that the property conveyed in said will to your orator, was bequeathed under an express and distinct contract; that in consideration that your orator would live with his father, as alleged, and attend to his business, and execute the deed aforesaid, he would make said will and bequeath his property as specified in the exhibit to this bill; and your orator fully and faithfully performed his part of said contract, and the said deceased performed in good faith his part, except that he failed to have three or more credible witnesses to his will. Your orator further sheweth, that the court of ordinary of Harris county, has appointed one James H. Rowe the administrator of said Shadrach Rowe, Sr., deceased, and the application to propound said paper as a will has been withdrawn under the decision of the court. Prayer, that the administrator be made a party defendant, and that said paper writing may be set up by a decree of the court as a contract, and the estate of Shadrach Rowe, Sr., deceased, be distributed as directed by its provisions.

J. N. RAMSARY, for plaintiffs in error.

B. H. HILL, contra.

Maddox vs. Rowe.

*By the Court.*—LUMPKIN, J., delivering the opinion.

This case has been before this court before. (23 Geo. Rep. 431.) It was verbally agreed between Shadrach Rowe, Jr., and Shadrach Rowe, Sr., that son should convey to the father a certain lot of land; and that in consideration thereof, the father should devise to the son two other lots. All of which was done. But the father's will having been attested but by two witnesses, could not be executed.

The court held that the son was entitled to a specific performance of the contract from the representatives of the father.

It was further stipulated betwen the father and son, that the father should make provision by his will for his son, by way of compensation, for some nineteen years of service rendered by the son in superintending his father's business. And this, too, was done. But the will, as to the personalty, proved to be likewise void for want of proper attestation; and the son proposes now to amend his bill for specific performance, so as to include the personalty as well as the realty; and to make the representatives of the father parties as well as the heirs at law. This the court allowed to be done, and the decision is excepted to; upon what ground we are not informed.

As the original bill was a sworn bill, praying an injunction, the objections to the amendment may have been because it was not verified. And if the amendment were needed to continue the injunction, such objection would have been good. But it was not needed for that purpose. The injunction has served its purpose, and it is not desired on the part of the complainant to retain it. The administrator of S. Rowe, Sr., will distribute the estate of his intestate at his personal peril, after having been made a party to this proceeding; and the injunction was granted originally to prevent this.

Another question is made in the bill of exceptions, but not insisted upon. After the amendment was filed, the whole bill was demurred to for multifariousness. The facts raise no such difficulty. The case made by the original and amended bill are perfectly harmonious; and are so joined together that they could not well be put asunder.

Judgment affirmed.