## BANKS, administrator, *v.* HOWARD.

1. A contract by which one of the contracting parties agrees with the other that he will make a will containing a legacy fully compensating the latter for services rendered and to be rendered to the former during his lifetime is valid and enforceable.
2. Upon the failure of one of the contracting parties in such a case to make the will containing an item providing compensation, a cause of action arises at his death, in favor of the surviving party, for damages, and the statute of

limitations begins to run against such cause of action from the death of the intestate.

3. Properly construed, the petition in the present case set forth a cause of action based upon a breach of the contract made by the intestate to compensate the plaintiff by a legacy in a will for services rendered to the deceased in his lifetime, and not merely a cause of action based upon a quantum meriut for the value of such services. When so construed, the petition set forth a cause of action which was not barred at the time the suit was brought.

Submitted January 24,— Decided February 7, 1903.

Complaint. Before Judge Reid. City court of Atlanta. June 27, 1902.

*Arnold & Arnold,* for plaintiff in error.
*Rucker & Rucker,* contra.

COBB, J. Howard brought suit against Banks, as administrator of Elliott, alleging in substance as follows : Edward R. Elliott died in 1899, leaving a valuable estate. Banks was appointed his administrator in 1900, and took possession of the estate. From the year 1881 to 1890, inclusive, petitioner performed various services for the deceased on his farm and at his wood-yard, the value of these services in each year being set forth. The services mentioned were performed at the special solicitation and request of the deceased, and upon his assurance that if petitioner would be a faithful hand and servant and do his duty, the deceased would provide for him in his will, by leaving him a sum of money equal in value to the services performed and to be performed by petitioner. This promise on the part of the deceased was renewed from year to year during the period of service. It is alleged that in performing the services mentioned petitioner " relied expressly and implicitly upon the promises of the said Elliott that he should be remembered in his will," and it is further alleged that petitioner complied with his part of the contract and was a faithful hand and servant and did his duty. The last paragraph of the petition is as follows: "Petitioner shows that his services for the year hereinbefore mentioned were worth, at the time they were rendered, the sum of twenty-two hundred and twenty dollars, and that he is entitled to interest thereon, amounting to the sum of $1,000, and he brings this his suit to recover the sum of twenty-two hundred and twenty dollars, principal and interest, for the services hereinbefore mentioned, and asks that the same be allowed him in view of the fact

that he was not left a legacy to reward him for his labor." The defendant filed a demurrer setting up that the petition set forth no cause of action, and that the suit was barred by the statute of limitations. The demurrer was overruled, and the defendant excepted.

Contracts under which one of the contracting parties agrees with the other, for a valuable consideration, that he will make a will giving to the other property, either real or personal, have been sustained and enforced in America from the earliest times, and the validity of such contracts seems now to be beyond all doubt. 1 Und. Wills, § 285 ; Page, Wills, § 70 et seq.; Beach, Wills, § 53 ; Schoul. Wills (3d ed.), § 453 ; 8 Am. & Eng. Enc. Law (2d ed.), 1017 et seq.; *Maddox* v. *Rowe,* 23 *Ga.* 431, s. c. 28 *Ga.* 61 ; *Lowe* v. *Bryant,* 30 *Ga.* 528 ; *Spearman* v. *Wilson,* 44 *Ga.* 473 (3); *Napier* v. *Trimmier,* 56 *Ga.* 300 ; *Studer* v. *Seyer,* 69 *Ga.* 125. Pritch. Wills, § 24. Where a party in whose favor the will is to be made has performed his part of the contract and the other party dies without making the will, or leaves a will in which there is no provision which can be construed as a compliance with the agreement, or leaves a will which in its terms complies with the contract but which is invalid for some reason, the disappointed party may apply to a court of equity for a specific performance of the contract, if it was one of such a nature that a court of equity could require specific performance, and if not, and the contract was one dealing with property, equity would award damages as for a breach of the contract ; or the disappointed party may sue at law for damages for a breach of the contract to make a will in accordance with the agreement ; or, if the consideration of the contract was personal services rendered to the intestate, the surviving party may waive his rights under the contract and bring an action at law on a quantum meruit for the value of the services, relying upon the implied promise of the law in such cases. See *Maddox* v. *Rowe,* 23 *Ga.* 431; *Spearman* v. *Wilson,* supra; *Hudson* v. *Hudson,* 87 *Ga.* 678, s. c. 90 *Ga.* 581 ; 1 Und. Wills, § 287 ; Page, Wills, § 76 ; Schoul. Wills (3d ed.), § 454 ; 8 Am. & Eng. Enc. Law (2d ed.), 1019 et seq.; Pritch. Wills, § 24. If the consideration of the contract is personal service rendered the deceased during his lifetime, and the party damaged by the failure to make the will in accordance with the agreement elects to sue for a breach of the contract, the death of the

other party without making the will in accordance with his agreement is to be deemed a breach of the contract, and the statute of limitations will not begin to run until his death. Page, Wills, § 83; 8 Am. & Eng. Enc. Law (2d ed.), 1020. On the other hand, if the party who is to be benefited by the will sees proper to waive his rights under the contract and sue the estate upon a quantum meruit for the value of the services rendered the deceased in his lifetime, it would seem that the statute of limitations would begin to run from the time the service was rendered, and not from the date of the death of the intestate.

Is the petition in the present case to be construed as a suit for a breach of the contract to make a provision in the will compensating plaintiff for the services rendered the intestate; or is it a suit simply for the value of the services thus rendered, without reference to the contract under which it is alleged that the intestate agreed to compensate plaintiff by a legacy in a valid will? If the suit is of the former character, the cause of action is not barred; if of the latter character, the suit is barred. If the pleader had intended the suit as one upon a quantum meruit for services, independently of the contract to compensate by a legacy in the will, all that would have been necessary would have been a short petition alleging that the services were rendered, what was their value, and that plaintiff had not been paid for them, and a bill of particulars as to the items of service, or averments in the petition showing when and how the services were rendered. It would not have been necessary to refer to the contract at all. But the pleader sets out the contract with great particularity, and alleges a renewal of the promise from year to year as the services were performed. The breach of the contract is distinctly alleged, and it is averred in so many words that in performing the services the plaintiff "relied expressly and implicitly upon the promises of the" deceased to incorporate in a will a legacy in favor of the plaintiff, compensating him for the services rendered by him. Read in the light of the entire petition, the prayer that plaintiff recover a stated sum as principal and another named sum as interest, "for the services hereinbefore mentioned," means that he desires to recover these sums for these services by reason of the fact that the deceased did not comply with his contract. Indeed, the prayer itself asks for a recovery "in view of the fact that he was not left a legacy to

reward him for his labor." The prayer for interest does not show that the suit is based on a quantum meruit, for the plaintiff would be entitled to the same amount as interest whether the cause of action was for a breach of the contract or on a quantum meruit, as a promise to compensate him for services rendered certainly meant that the sum named in the will would be sufficient to cover the value of the services at the time they were rendered, and if he failed to make any provision in a will for such services, the measure of damages would be the actual value of the services at the time they were rendered, with interest from that date. Construing the petition as a whole, we are clear that the cause of action intended to be set forth was for a breach of the contract the terms of which are set out in the petition. So construing it, the petition set forth a cause of action, and the suit was not barred by the statute of limitations. The court, therefore, did not err in overruling the demurrer.          *Judgment affirmed. By five Justices.*