### GORDON et al. v: SPELLMAN.

1. An oral contract by which one of the parties agrees to make a will with a devise of specific property to the other, as compensation for services rendered and to be rendered to the former during his life, is valid and enforceable.

2. If the promisor in such a case makes a will, which is probated, devising the specific property to another person in violation of the terms of the contract, equity will impress a trust upon the property, which

will follow it into the hands of the personal representative or devisee of the promisor.

3. If on the trial of an action against a devisee for specific performance of the plaintiff's contract with the testator of the devisee, with reference to the land devised, it should be developed that, without fault of the plaintiff, but on account of the defendant himself, a specific performance of the contract is impossible, damages may be awarded for a breach of the contract.

4. The basis of the action is to fasten a trust on the property of the testator in favor of the plaintiff, and to specifically enforce such a trust against the testator's executor and the devisee claiming under the will violating the testator's contract with the plaintiff, and in the alternative to recover damages, if specific performance is impossible. The damages are measured by the value of the property promised to be devised, and not the value of the plaintiff's services which furnished the consideration of the contract.

5. An oral contract to devise lands falls within the operation of the statute of frauds; but where the party in whose favor the will is to be made has performed his part of the contract, and the other party dies leaving a will in which no devise is made pursuant to the oral contract, the disappointed party may apply to a court of equity for specific performance of the contract, if it is one of such a nature that a court of equity would require specific performance.

6. Where services are to be performed for another in consideration of an oral agreement by the terms of which the person is to be compensated by a devise in the will of the person for whom the services have been or are to be performed, the cause of action does not accrue until the death of the promisor and his failure to make the devise according to the terms of the contract.

7. The probate of the will in solemn form is conclusive of its validity. In an action against the devisee, to impress a trust upon the property devised, because of the testator's violation of his contract to devise the property to the plaintiff, it is irrelevant to inquire into the testamentary capacity of the testator, or any undue influence alleged to have been exerted by the devisee in procuring the execution of the will, and under the facts of the case an instruction on these subjects is prejudicial error requiring a new trial.

8. An allegation that an oral contract was made in a particular year may be supported by proof that it was made in a different year, where the date is not a material element in the description.

9. An assignment of error upon the admission of testimony, where the evidence objected to is neither literally nor substantially set out, can not be considered.

AUGUST 19, 1916.

Equitable petition. Before Judge Charlton. Chatham superior court. May 5, 1915.

Mrs. Mary Graeffe owned certain property in the City of Savannah on the southeast corner of Montgomery and Huntingdon

Streets, on which was built her residence, and a vacant lot adjoining the residence. She also owned certain other real estate. Her husband died in 1886, when she was 66 years of age. In 1888 she married Mr. Krieger. In 1901 she instituted divorce proceedings against Mr. Krieger, and obtained a divorce in 1902. On October 11, 1911, when she was 91 years old, she executed her last will and testament. By the first item she devised her residence and the adjoining lot to George Gordon and his wife, Pearl Gordon, "in consideration of the faithful attentions and the kind and generous treatment which I have received at the hands of George Gordon and his wife, Pearl Gordon, who have ministered to my every want and have nursed, attended, and provided for me for a long period of time, and both of whom have looked to my comfort and happiness and have been as devoted and true as if my own children." In the 2d item she devised to the same persons her household and kitchen furniture, jewelry, and other personalty. · By the 3d item she devised to her sister Katherine, whose last address was Tiefenbruch, Prussia, Germany, and, if not in life, to her children or lineal descendants, proceeds to be derived from the sale of other described property. She died on September 16, 1912, without children or lineal descendants. Her will was probated in both common and solemn form by the nominated executor. Thereafter Mary Ann Spellman filed a petition against the executor and George and Pearl Gordon, alleging, in addition to the foregoing facts, the following: For a long period of time she had rendered to Mrs. Graeffe, at her request, valuable services in looking after her and taking care of her; and in 1901 Mrs. Graeffe proposed to petitioner to continue her services as she had done in the past, and as occasion might require during the remainder of Mrs. Graeffe's life, and at such time and times as Mrs. Graeffe might require. In consideration of such services to be rendered, as well as in consideration of past services, Mrs. Graeffe promised petitioner to compensate her, when Mrs. Graeffe died, by giving her, by Mrs. Graeffe's last will and testament, the residence property and vacant lot attached, and also her household and kitchen furniture and her jewelry. Petitioner accepted the offer, and, relying upon the promise of compensation in the specific property, faithfully ministered to the every want of Mrs. Graeffe, nursed her, attended her, and looked after her comfort and happiness, as if she had been her

own daughter. These services were acceptably rendered by her up to the time of Mrs. Graeffe's death. The property which Mrs. Graeffe promised to give by will to the petitioner is of the value of $6,000, and the value of petitioner's services exceeds the value of the property. The estate of Mrs. Graeffe is solvent; and she owned, independently of the property she agreed to give petitioner, certain other described property. Petitioner did not believe that Mrs. Graeffe knowingly and wilfully breached her contract with petitioner by devising and bequeathing the residence property, with the adjacent vacant lot and the personalty, to George Gordon and Pearl Gordon instead of to petitioner. On the contrary she believes and avers that the devise to the Gordons was the result of undue influence exercised on Mrs. Graeffe by them in making her will, and was the result of confusion in the mind of Mrs. Graeffe, whereby she thought they had rendered these long and faithful services to her, instead of petitioner; that the Gordons were not related to Mrs. Graeffe in any way, and their acquaintance with Mrs. Graeffe began but a few months prior to the execution of the will. Petitioner prayed that her contract with Mrs. Graeffe be specifically performed, that the executor be decreed to turn over to her the property promised her by Mrs. Graeffe, and, if for any reason it be impossible to give her this relief, that she be compensated out of the estate of Mrs. Graeffe in an amount equal in value to the property promised her for her services. The defendants in their answer denied that Mrs. Graeffe made the contract alleged in the petition. The trial resulted in a verdict for the plaintiff, which the court refused to set aside on motion for new trial.

*Twiggs & Gazan,* for plaintiffs in error.

*R. R. Richards* and *W. R. Leaken,* contra.

EVANS, P. J. (After stating the foregoing facts.)

1, 2. It was said by Mr. Justice Cobb in *Banks* v. *Howard,* 117 *Ga.* 94 (43 S. E. 438): "Contracts under which one of the contracting parties agrees with the other, for a valuable consideration, that he will make a will giving to the other property, either real or personal, have been sustained and enforced in America from the earliest times; and the validity of such contracts seems now to be beyond all doubt." If the promisor in such a case makes a will which is probated, devising specific land to another in violation of the terms of the contract, equity will impress a trust on the prop-

erty, which will follow it into the hands of the personal representative or devisee of the promisor. *Belt* v. *Lazenby,* 126 *Ga.* 767 (5), 773 (56 S. E. 81). Where one makes a will in violation of his contract to make a particular devise, the probate of such will does not defeat the equitable remedy of the other party for the enforcement of his rights under the contract. The plaintiff is making no attack on the judgment of probate, but is seeking a decree to avoid the attempted devolution of title by the will, by the impressment of a trust on the property devised.

3, 4. If on the trial of an action against a devisee for specific performance of the plaintiff's contract with the testator of the devisee, with reference to the land devised, it should be developed that, without fault of the plaintiff but on account of the defendant himself, a specific performance of the contract is impossible, damages may be awarded for a breach of the contract. Civil Code (1910), § 4639; *Banks* v. *Howard,* supra; *Spearman* v. *Wilson,* 44 *Ga.* 473 (3). The measure of damages is the value of the property promised to be devised. The court instructed the jury that for breach of the contract the plaintiff would be entitled to recover the reasonable value of her services. The jury returned a verdict for the plaintiff "for the value of her services, the sum of five thousand ($5,000.00) dollars, to be levied and paid out of the whole estate of Mrs. Mary Graeffe, including property devised to the Gordons." The measure of damages prescribed by the judge was erroneous. It is true that in another portion of his charge he gave the correct rule as to the measure of damages, but the jury in formulating their verdict specifically stated that they found for the plaintiff for the value of her services. It is argued that inasmuch as the defendants admitted in their answer that the value of the property on which the trust was sought to be impressed exceeded the amount of recovery, the error was harmless. We can not agree to this, because the jury expressly stated in their verdict that they were compensating the plaintiff for her services. We can easily conceive of a case where the disparity between the value of the services and that of the property may be such that a jury, with the court's sanction, may be willing to compensate the plaintiff by awarding to her the value of her services, though unwilling to find in her favor as for a breach of contract.

5. An oral contract to devise lands falls within the statute of

frauds; but where the party in whose favor the will is to be made has performed his part of the contract, and the other party dies leaving a will in which no devise is made pursuant to the oral contract,. the disappointed party may, in a proper case, apply to a court of equity for specific performance. *Banks* v. *Howard,* 117 *Ga.* 94 (supra), and authorities cited at page 96.

6. The consideration of the contract is personal service rendered Mrs. Graeffe during life. The plaintiff's cause of action did not accrue until her death and until her failure to make the devise according to contract.

7. A judgment admitting a will to probate can not be collaterally impeached. The theory of the plaintiff's case recognized the validity of the probate of the will of Mrs. Graeffe. She did not attack the probate, but sought to impress a trust on the devise in the probated will. In the course of his charge the court instructed the jury that he did not understand that any attack was made upon the testamentary capacity of the deceased to make a will. Nevertheless he charged on the subject of the requisite mental capacity to make a will, and also on the subject of undue influence as destroying testamentary capacity. The charges were clearly irrelevant. The plaintiff in her petition charged that the testatrix was old and infirm, and the proof took a wide range with respect to the conduct of the Gordons during their acquaintance with the testatrix, which extended over but a few months prior to the making of the will. The court's instruction as to testamentary capacity and undue influence was calculated to arouse prejudice against the defendants in respect to the making of the will, or to create an impression that the devise to the Gordons would be invalid if the testator was deficient in testamentary capacity, or was unduly influenced by the Gordons to make the devise to them.

8. The ruling in the 8th headnote has the sanction of this court in *Hudson* v. *Hudson,* 90 *Ga.* 581 (4), 587 (16 S. E. 349).

9. Complaint is made that the court erred in permitting counsel for the plaintiff, in cross-examination, to question one of the defendants as a witness as to experiences and facts surrounding his marriage, as to who procured the license, and so forth, over objection of defendants that same was irrelevant. The replies elicited by the cross-examination are not stated; and under repeated rulings of this court this ground of the motion is incom-

plete, and will not be considered. *Stoner* v. *Patten,* 132 *Ga.* 178 (63 S. E. 897). *Judgment reversed. All the Justices concur.*