REDFORD *v.* LLOYD *et al.,* administrators.

ATKINSON, J. 1. An equitable action against an administrator, for specific performance of a contract for sale of land, made by his intestate, is not within the provisions of the Civil Code, § 4015, exempting administrators from suits to recover on debts by the decedent for twelve months from the date of qualification of the administrator. *Lanfair* v. *Thompson,* 112 *Ga.* 487 (37 S. E. 717).

2. A parol agreement to devise described land, on consideration of a certain sum of money which had been left by the promisee with the promisor for safe-keeping and the value of certain services which the ·promisee had rendered the promisor, is enforceable at the death of the promisor by the equitable remedy of specific performance. *Bird* v. *Trapnell,* ante, 50 (92 S. E. 872).

(*a*) The fact that the services were rendered in pursuance of another agreement which may have been too indefinite for enforcement, and had been rendered more than four years before the making of the last contract, would not render applicable the provisions of the Civil Code, .§ 4383, or require a different ruling, which section is as follows: "A new promise, in order to renew a right of action already barred, or to constitute a point from which the limitation shall commence running on a right of action not yet barred, must be in writing, either in the party's own handwriting, or subscribed by him or some one authorized, by him."

3. It was erroneous to dismiss the petition on general demurrer.

*Judgment reversed. All the Justices concur.*

No. 72. JULY 10, 1917. REHEARING DENIED AUGUST 31, 1917.

Equitable petition. Before Judge Hammond. Chatham superior court. December 8, 1916.

On September 23, 1916, Priscilla W. Redford (hereinafter referred to as A) instituted an equitable action against the administrators of the estate of Emma Dorsey, also known as Emma Carter (hereinafter referred to as B). The petition alleged, that on January 1, 1898, A was employed by B "to act as her secretary and also to assist her in attending to her business affairs and to look after her household affairs, for which your petitioner was to receive the sum of $5.00 per week;" that no amount was ever paid; that shortly after entering the employment a parol agreement was entered into between A and B, "by the terms of which, as recompense for her said services," A "was to receive by will, at the death of" B, described realty; that A constantly performed the services to the entire satisfaction of B until on or about October 1, 1908, upon which date B was indebted to A for such service in a named amount; that at intervals during the period above mentioned A

10

by teaching school earned a stated amount, "which was turned over for safe-keeping" to B; that on January 1, 1915, a new parol agreement was entered into between A and B, whereby, "as recompense for her said services and as payment for" the sum which had been turned over for safe-keeping, B should "devise at her death to" A other described real estate instead of that mentioned above; and that on December 9, 1915, B died, "leaving no will so far as complainant is able to ascertain which is entitled to probate." The prayers of the petition as amended were, for process, and that defendants in their representative capacity be compelled "to convey or devise the property . . referred to in paragraph seven, in accordance with the terms of the agreement." The defendants interposed a demurrer on the grounds: (a) That the petition sets forth no cause of action. (b) That the suit is brought within one year from the time of the granting of the letters of administration. The demurrer was sustained and the action dismissed, and the plaintiff excepted.

*John T. Chapman, Lee Cotton,* and *George H. Richter,* for plaintiff. *Anderson, Cann, Cann & Walsh,* for defendants.