PINKUSSOHN *et al. v.* REHM.

No. 8819. AUGUST 16, 1932.

*Shelby Myrick,* for plaintiffs in error. *Oliver & Oliver,* contra.

BECK, P. J. Mrs. Edith Rehm sued the executors of the estate of Samuel R. Einstein in two counts: the first alleging verbal promises by the deceased, that if petitioner would continue to render to him services which she had been rendering to him and to his wife before her death, he would leave specified property to her by will upon his death; and having for a number of years rendered the named services, which were accepted by the deceased, and having

carried out her agreement until his death, she prayed that she might recover from the estate the property which the deceased had promised to devise to her. In the second count it was alleged that the plaintiff executed her agreement, and that the deceased did not leave a will carrying out his part of the agreement and did not compensate her for the services performed under the agreement; and she prayed that she recover from the executors compensation for the services rendered under her contract and agreement with the deceased.

A general demurrer and numerous special demurrers were filed. The plaintiff amended her petition, and the demurrers were renewed and were overruled by the court. To that judgment the defendants excepted.

■ The first ground of general demurrer to the petition as amended is that there was a misjoinder of causes of action, because count 1 is an equitable action for specific performance, and count 2 is a common-law action for a tort growing out of a breach of contract. The court did not err in overruling this demurrer. Both counts are based upon a contract. The first count is a suit for specific performance. The second count is based upon a quantum meruit. The prayer in the second count is that petitioner "may recover from the estate of the said Einstein and the executors thereof the sum of $10,000, in compensation for the services rendered by petitioner to the said Samuel R. Einstein, which [services], as petitioner avers, are of the reasonable value of $10,000." A proper construction of this count makes it a suit upon the contract, seeking compensation upon a quantum meruit for services rendered under the contract.

■ In another ground of the demurrer it is contended that the suit was prematurely brought, that is, within less than twelve months after the appointment of the executors. Certainly the suit for specific performance is not open to this objection. The will of Einstein had been probated. If the suit had been delayed, the executors might before the expiration of the year have paid out the estate to legatees under the will; and the petitioner was within her rights when she sought without delay to have the estate made subject to her demand, which was for specific parts of the estate; one, a piece of realty described in the petition; and the other, an article of personal property, a certain described ring.

■ If the defendants had demurred specially to count 2 upon the ground that a suit for the recovery of the value of the services alleged could not be brought until after the expiration of twelve months from the probate of the will, it might have been subject to that demurrer. But the demurrer was to the entire petition, upon the ground that the suit was prematurely brought; and as the suit stated in the first count could be maintained though twelve months had not elapsed after the appointment of the executors, the general demurrer to the entire petition was properly overruled.

■ The special demurrers, so far as meritorious, were sufficiently met by amendment.

*Judgment affirmed. All the Justices concur.*