BOWLES *v.* WHITE, administrator.

No. 16919. JANUARY 11, 1950. REHEARING DENIED FEBRUARY 17, 1950.

*Kenyon, Kenyon & Gunter,* for plaintiff in error. ·

*Johnson & Johnson, Sloan & Telford,* and *Sidney O. Smith Jr.,* contra.

CANDLER, Justice. (After stating the foregoing facts.) ■ As shown by our statement of facts, the court sustained a motion in the nature of a general demurrer and struck the defendant's. answer and cross-action, and for these reasons we think that the judgment complained of is erroneous:

(a) It was held by this court in *Banks* v. *Howard,* 117 *Ga.* 94 (43 S. E. 438): "Contracts under which one of the contracting parties agrees with the other, for a valuable consideration, that he will make a will giving to the other property, either real or personal, have been sustained and enforced in America from the earliest times; and the validity of such contracts seems now to be beyond all doubt." Also, in *Gordon* v. *Spellman,* 145 *Ga.* 682 (89 S. E. 749), it was held that "An oral contract by which one of the parties agrees to make a will with a devise of specific property to the other, as compensation for services rendered and to be rendered to the former during his life, is valid and enforceable." In other words, it is well-settled law in this State that equity will take cognizance of and specifically enforce a valid contract for the testamentary disposition of the estate of a decedent. *Belt* v. *Lazenby,* 126 *Ga.* 767 (56 S. E. 81).; *Gordon* v. *Spellman,* supra.

(b) Where a valid contract has been made to devise certain lands to another, and the person to whom the promise was made has fully performed his part of the contract, but the representative of the person making the promise is unable to perform the entire contract because his decedent did not own all the property

which he agreed to devise, and the other party to the contract is willing to accept that part of the same which the deceased actually owned, a court of equity will require specific performance of the contract as to the part so owned and compensate the injured or disappointed party in damages for the other. Code, §§ 37-806, 37-807; *Causey* v. *Causey*, 106 *Ga.* 188 (32 S. E. 138); *Marchman* v. *Fowler*, 145 *Ga.* 682 (89 S. E. 780).

(c) As against a general demurrer, no special demurrer having been interposed, it is enough to say that the allegations of the cross-action are sufficient to show that the defendant fully performed her part of the contract sought to be sustained and enforced, and that the contract is clear, distinct, definite, and one which in good conscience should be specifically performed, See *Whitehead* v. *Dillard*, 178 *Ga.* 714 (174 S. E. 244). Ordinarily, where specific performance of a contract to devise land, in consideration of services rendered and to be rendered, is sought, it is necessary for the pleader to allege the value both of the services and of the land, so that a court of equity may know that the contract is fair and just (*Lansdell* v. *Lansdell*, 144 *Ga.* 571, 87 S. E. 782; *Brogden* v. *Hogan*, 189 *Ga.* 244, 5 S. E. 2d, 657); but in *Bullard* v. *Bullard*, 202 *Ga.* 769 (44 S. E. 2d, 770), we held that it is not necessary in such a case to allege the value of the services where the contract is between near relatives, and where, as in this case, the services performed are personal, affectionate, and considerate care and attention, such as could not readily be procured elsewhere, and where the value of such services can not be readily computed in money.

(d) A person in possession of land, who has fully performed his part of a valid contract to render services to another upon a promise that the latter will, as a consideration for the services, make a will giving the property to him, is in the same position as one who is in possession of land for which he has paid the purchase-price in full, and consequently holds a perfect equity. *Whitehead* v. *Dillard*, supra. And this court held in the early case of *Dudley* v. *Bradshaw*, 29 *Ga.* 17, that "A perfect equity is, in Georgia, a good title even at law; it is a title sufficient to support or to defeat ejectment." Also, in *Ogden* v. *Dodge County*, 97 *Ga.* 462 (25 S. E. 321), it was said: "Where the person setting up the equity is already in possession, it is not necessary that

he should have the legal title in order to defend his possession; but a perfect equity in the land, as against a plaintiff seeking to recover in ejectment, is a sufficient defense to the action." To the same effect see *Sikes* v. *Seckinger*, 164 *Ga.* 96 (137 S. E. 833).

(e) In the brief for the defendant in error it is said that the defendant's failure, as a tenant of Miss White, to surrender possession of the property sued for before seeking specific performance of the contract relied upon is the essence of the plaintiff's demurrer, and for that reason the judgment complained of is not erroneous. It is, of course, a well-settled principle of law in this State that a tenant, while in possession of his landlord's property, is estopped to dispute his title. Code, § 61-107; *Johnson* v. *Thrower*, 117 *Ga.* 1007 (44 S. E. 846); *Barnett* v. *Lewis*, 194 *Ga.* 203 (20 S. E. 2d, 912); *Consolidated Realty Inv.* v. *Gasque*, 203 *Ga.* 790 (48 S. E. 2d, 510). But in this case we see no reason for an application of that rule, since the allegations of the cross-action affirmatively show that it is the landlord's title which the defendant claims and seeks to have decreed in her. Necessarily, by asking for specific performance of her aunt's contract, she is acknowledging, asserting, and relying upon her title and the strength of the decedent's title, and the fact that she had title is the foundation of the defendant's claim. In *Beall* v. *Davenport*, 48 *Ga.* 165 (15 Am. R. 656), this court had under consideration the rule which prohibits a tenant while in possession from disputing his landlord's title, and in that case Judge McCay, in speaking for the court, said: "But this rule has never been extended to cover a case where the tenant afterwards buys and gets title from the landlord. . . Indeed, the principle would never seem to come into operation, except when the tenant undertakes to set up a title inconsistent with the idea that at the time he took the possession, the landlord had the title which was recognized between them." And in *Raines* v. *Hindman*, 136 *Ga.* 450 (71 S. E. 738, 38 L.R.A. (N.S.) 863, Ann. Cas. 1912C, 347), the rule as stated in the *Beall* case was again announced and applied. In principle, this case is like the two cases just cited and, following them, we hold in the present case that a proceeding brought by a tenant against the administrator of his landlord's estate for the specific performance of a contract of the

intestate to devise lands does not involve a dispute of the landlord's title, but necessarily amounts to an admission by the tenant· that his landlord had title. The cases cited and relied upon by the defendant in error are different on their facts from the present case and for that reason are not in point. They are cases where the tenant, while in possession of the leased premises, sought to set up a title antagonistic .to his landlord's.

(f)   A general demurrer or a motion in the nature of a general demurrer goes to the whole pleading which it attacks, and should be overruled if any part of the same is good in substance. Code, § 81-304; *Blaylock* v. *Hackel,* 164 *Ga.* 257 (138 S. E. 333).

For the reasons stated above, the allegations of the defendant's cross-action were sufficient to show that she is entitled to some of the relief sought thereby and, accordingly, it was erroneous to sustain the plaintiff's motion in the nature of a general demurrer and strike it.

■   Headnote 2 does not require elaboration.

*Judgment reversed.   All the Justices concur.*