21750.   HOLSOMBACK, Administrator v. CALDWELL,
Administrator.

ARGUED SEPTEMBER 10, 1962—DECIDED OCTOBER 1, 1962—
REHEARING DENIED OCTOBER 10, 1962.

John E. Feagin, for plaintiff in error.

John M. Sikes, Jr., Lipshutz, Macey, Zusmann & Sikes, contra.

QUILLIAN, Justice. The present case, which we review on general demurrer, concerns an oral contract sought to be enforced in equity involving an agreement by the wife to resume marital relations, after separation, with the husband and to abandon her plans to divorce him in return for his promise to will her all his property and deed her their "home."

It is a familiar rule that a court of equity has the power to require specific performance of a parol contract as to land in which there has been part performance by the party seeking relief (*Code* § 37-802), or award damages as for breach of contract (*Banks v. Howard,* 117 Ga. 94, 96, 43 SE 438; *Code* § 37-807), and that, despite the death of the party against whom relief is sought, equity will grant relief and decree that to be done which ought to have been done. *Code* § 37-106; *Shaw v. Miller,* 215 Ga. 413, 417 (110 SE2d 759). Hence, the question which squarely confronts us is: did the allegations of the petition show sufficient consideration on the wife's part to support the contract in question so that, subsequently, equity might require the husband's promises to be specifically performed?

It is a general rule of law that a promise to perform, or the performance of an act which a party is legally bound to perform will not constitute fresh consideration for the performance of another. In other words, such promise or performance will not furnish the consideration prerequisite to a valid and binding contract. Annot. 149 ALR 1012, 1013 (1944). Thus, in *Lee v. Savannah Guano Co.,* 99 Ga. 572 (27 SE 159, 59 ASR 243), this court declared that a wife's agreement to perform ordinary household duties, in lieu of a servant, would not support an

agreement by which her husband would pay her $100 per annum as compensation for such services. Justice Lumpkin observed the husband gained nothing to which he was not, independently of the agreement between them, entitled as a matter of absolute right: that is, the right to receive the benefit of his wife's services. Therefore, such agreement was not founded upon a valuable consideration and was only a nudum pactum.

Further, where an agreement to resume marital relations is made by one spouse who has deserted the other spouse with no justification, the agreement lacks consideration. As was brought out in Young v. Cockman, 182 Md. 246, 252 (34 A2d 428), "The mere promise of an undivorced wife to live with her husband and perform such duties as are ordinarily imposed upon her by the marriage contract is only a repetition of the promise made at the time the marriage contract was entered into. The law, seeking to regulate the marriage relation for the welfare of the State, will not allow married persons to discard this relation without justification and renew it for money."

However, if the husband has forfeited the right to his wife's common-law duties and consortium by cruel treatment or any ground sufficient to entitle her to a divorce or to be just cause for her separation from him, then her agreement to condone his acts and resume cohabitation would furnish such consideration as would support an agreement by which the one spouse promised to convey land or other property to the other. The rationale of this rule is twofold: (1) that the dismissal of a meritorious action or a forebearance to sue is, in and of itself, a valid consideration; (2) that, after a separation resulting from wrongful acts by the husband to his wife, the husband is no longer entitled to his wife's services; hence, her consent to a resumption of the marital relations is valuable consideration. This is the general rule adhered to in the majority of jurisdictions.

Our own courts have favored the furtherance of compromise agreements and the settlement of family disputes. *Smith v. Smith*, 36 Ga. 184, 191-193 (91 AD 761). "An agreement to settle a family controversy will not be considered voluntary and without consideration, but will be enforced in equity as a fair family arrangement independent of its being a compromise of

doubtful rights. . . To render valid such compromise agreements it is not essential that the matter should be in real doubt; but it is sufficient if the parties should consider it so far doubtful as to make it the subject of compromise." Of course, there is the further provision that the party setting up the settlement contract "believed in the claims or contentions which she asserted, or made such claims in good faith." *Jones v. Robinson*, 172 Ga. 746, 757 (158 SE 752), and cases cited.

Moreover, this court has followed the above stated majority rule, as is aptly expressed in *Young v. Young*, 150 Ga. 515, 519 (104 SE 149): "The settlement of the family dispute and the agreement of the wife, then living separately from the husband, to return to his home, followed by the return of the wife and the resumption of marital duties . . . furnish a sufficient consideration for the deed." *McQueen v. Fletcher*, 77 Ga. 444; *Lemon v. Lemon*, 141 Ga. 448 (81 SE 118); *Levine v. Levine*, 204 Ga. 313, 317 (2) (49 SE2d 814, 4 ALR 1205).

In the instant case, the plaintiff alleged that Herman and Ellon Caldwell were separated a number of times, and that the separations were occasioned by numerous acts of cruelty on the husband's part, intentionally perpetrated, which constituted legal cause for divorce by the wife. Three alleged grounds were then recited: that he was carrying on correspondence with numerous other women who were members of a lonely hearts club; that they (the wife and husband) had quarreled because the husband refused to adequately support and provide for his wife; that he had agreed on numerous occasions to make a will and deed her the property but failed to do so. The plaintiff alleged such promises were deliberate deceptions on the part of the husband and constituted additional acts of cruel treatment; further, all of the above stated matters considered together constituted valid grounds for her to divorce him.

There were averments that, during the last separation, Ellon Caldwell was "intending and preparing to file a suit for divorce" against her husband, but he pleaded with and importuned her for a reconciliation and an abandonment of her intention to divorce him, promising and agreeing to will her everything he

possessed and to deed her their home if she would forsake her grounds and become so reconciled; that relying on said promises Ellon Caldwell carried out her part of the agreement and resumed her relationship with Herman Caldwell, as man and wife; that she relinquished and abandoned valid legal grounds which she then had for obtaining a divorce; that Herman Caldwell, however, failed and neglected to carry out his promises and died intestate with record title to the property still in his name.

In *First Nat. Bank v. DeLoach,* 87 Ga. App. 639, 640 (74 SE2d 740), Judge Gardner, writing the opinion, found the allegation that "the separation and estrangement between the plaintiff and his wife was not the result of misconduct on his part" was sufficient consideration when considered on general demurrer. See also *Lemon v. Lemon,* 141 Ga. 448, supra.

In view of the rules hereinbefore mentioned and the prevailing attitude of the courts of this State as expressed in the cited cases, we are compelled to find the allegations of the petition contain sufficient compliance with the essential elements of our law to withstand a general demurrer. For that reason, the trial judge erred in sustaining the general demurrer and in dismissing the petition.

*Judgment reversed. All the Justices concur.*