23790. COUCH v. BIOUST.

SUBMITTED NOVEMBER 15, 1966—DECIDED JANUARY 5, 1967.

*Larry Cohran, James R. Venable,* for appellant.

*Weekes & Candler, John Wesley Weekes,* for appellee.

COOK, Justice. Mrs. W. T. Couch brought a petition against Runell Sheppard Bioust, individually, and as executrix of the estate of John N. Duren, deceased, seeking specific performance of an oral contract to make a will devising described property to her as compensation for the rendering of personal services to the deceased for the three years prior to his death, which contract John N. Duren failed to perform in his lifetime. The trial judge sustained a general demurrer to the petition, with leave to amend. The plaintiff thereafter amended her petition

by inserting a new description of the property, giving the age of the deceased at the time of his death, and detailing services rendered by her and the value thereof, and improvements made on the property of the deceased by the plaintiff and her husband. The defendant renewed her general demurrers, and the plaintiff again amended her petition, amplifying the former allegations.

By a third amendment the plaintiff added another count to her petition, alleging the services rendered to the deceased in the twenty-nine months preceding his death, and praying for $9,976 as the value of these services, for which she had received no compensation. The defendant demurred to the amendment on the ground that it sought to join in the cause of action a new, separate, distinct, and different cause of action, and to the petition as amended on the ground that the petition as amended seeks to join two separate, distinct, and different causes of action in the same proceeding. The trial judge sustained the demurrer and dismissed the petition, and the appeal is from this judgment.

■ The original action was one for specific performance of an oral contract to devise real property in consideration of personal services rendered. The contract alleged was not one between near relatives where the agreement is to give personal, affectionate, and considerate attention, the value of which can not be readily computed in money. Where the contract alleged is for ordinary personal services, by a person who is not a near relative of the one receiving the services, it is essential that the petition show the value of the services to be rendered and the value of the property, in order that a court of equity may determine whether the contract sought to be enforced by decree of specific performance is fair, just, and equitable, and one which in good conscience should be performed. *Brogdon v. Hogan,* 189 Ga. 244, 249 (5 SE2d 657); *Johns v. Nix,* 196 Ga. 417 (3) (26 SE2d 526); *Bowles v. White,* 206 Ga. 433, 438 (57 SE2d 547). The petition as amended alleged the value of the services rendered by the plaintiff to the deceased, but there were no allegations concerning the value of the property, and the petition failed to state a cause of action for specific performance.

■ It is urged by counsel for the appellee that the second count of the petition, which sought a recovery on quantum meruit for services performed, set forth a new cause of action. Counsel cite *Moore v. Smith,* 121 Ga. 479 (49 SE 601), in support of this contention. That case is not in point on its facts with the present case. In the *Moore* case the plaintiff brought a petition on quantum meruit against the legal representative of a deceased father to recover for services rendered in nursing his child. The petition was amended to seek a recovery against the legal representative, the widow of the deceased, in her individual capacity, on a contract she made with the plaintiff after the death of her husband, and it was held that this amendment stated a new cause of action.

In *Banks v. Howard,* 117 Ga. 94, 96 (43 SE 438), it was held: "Contracts under which one of the contracting parties agrees with the other, for a valuable consideration, that he will make a will giving to the other property, either real or personal, have been sustained and enforced in America from the earliest times, and the validity of such contracts seems now to be beyond all doubt. . . Where a party in whose favor the will is to be made has performed his part of the contract and the other party dies without making the will, or leaves a will in which there is no provision which can be construed as a compliance with the agreement, or leaves a will which in its terms complies with the contract but which is invalid for some reason, the disappointed party may apply to a court of equity for a specific performance of the contract, if it was one of such a nature that a court of equity could require specific performance, and if not, and the contract was one dealing with property, equity would award damages as for a breach of the contract; or the disappointed party may sue at law for damages for a breach of the contract to make a will in accordance with the agreement; or, if the consideration of the contract was personal services rendered to the intestate, the surviving party may waive his rights under the contract and bring an action at law on a quantum meruit for the value of the services, relying upon the implied promise of the law in such cases." See also *Brogdon v. Hogan,* 189 Ga. 244, 248, supra.

"While the plaintiff can not amend his petition with an entirely new cause of action, he may . . . add a count substantially different from the original petition, if he adheres to the essentials of his original cause of action." *Cheatham v. Palmer*, 191 Ga. 617 (4) (13 SE2d 674); *Milton v. Milton*, 195 Ga. 130 (3) (23 SE2d 411). "The fact that a petition fails to set forth a complete cause of action is not necessarily a sufficient reason for refusing to allow an amendment adding matter of substance." *Harrell v. Parker*, 186 Ga. 760 (2) (198 SE 776).

The count added by amendment was germane to the original count praying for specific performance, which failed to set forth a complete cause of action. The second count alleged a cause of action on the basis of quantum meruit, and it was error to dismiss the petition as amended by this count.

*Judgment reversed. All the Justices concur.*