26219. LIBERTY NATIONAL BANK & TRUST
COMPANY et al. v. DIAMOND.

Argued December 15, 1970—Decided January 7, 1971—
Rehearing denied January 21, 1971.

*Adams, Adams, Brennan & Gardner, Edward T. Brennan, Hitch, Miller, Beckmann & Simpson,* for appellants.

*Austin & Pahno, Donald E. Austin, Alton D. Kitchings, Belli, Ashe, Ellison, Choulos & Lieff, Melvin M. Belli,* for appellee.

Nichols, Justice. ■ The first defense contends that, since an appeal is pending in the superior court from a judgment denying the plaintiff's caveat to the will of Bernard F. Diamond, the present action cannot be maintained while such probate proceeding is pending.

In support of this contention the defendant administrators cite cases exemplified by *Turner v. Holbrook,* 145 Ga. 603 (89 SE 700); and *Murray v. McGuire,* 129 Ga. 269 (58 SE 841) wherein "heirs at law" sought to set aside conveyances to others made by their ancestor and it was held that pending probate of a will devising the same land to the grantees in the deed no action would lie. In those cases the caveat to the will was a determining factor as to whether the plaintiff in such case would be entitled to recover.

In the case of *Maddox v. Rowe,* 23 Ga. 431 (68 AD 535), an action for specific performance was permitted while the question of the probate of the will was pending on appeal in the superior court. While the question was not directly passed upon in that case and no Georgia decision directly in point has been cited by

counsel for either party, the rationale of *Pinkussohn v. Rehm,* 175 Ga. 475 (165 SE 222), that an action for specific performance of a contract to execute a will need not wait until a year after the estate is represented is applicable here, for while the will has not been finally probated, and indeed may never be finally probated, the plaintiff, if entitled to impress a trust upon the estate, is not required to wait until it is finally determined if any otherwise valid will contrary to the contract exists. The trial court did not err in ruling adversely to the defendants on such issue.

(a) Under the decisions in *Pinkussohn v. Rehm,* supra, and *Redford v. Lloyd,* 147 Ga. 145 (93 SE 296), an action for specific performance is not subject to the limitation of *Code* § 113-1526 which exempts the administration of an estate from suits to recover debts for twelve months. Accordingly, this defense was properly overruled.

■ The remaining defenses ruled upon by the trial court contend that the complaint fails to state a claim upon which relief can be granted, that the alleged contract is unsupported by good and sufficient consideration and is therefore nudum pactum, that the contract is contrary to public policy and void, and that the contract on which the plaintiff seeks to recover is not in writing as required by the Statute of Frauds.

The consideration alleged by the plaintiff is that while in a bona fide state of separation caused by her husband's cruel treatment which constituted sufficient grounds for divorce she, in response to his promises to mend his ways, not mistreat her in the future and to leave her one-third of his estate agreed to and did return to their home and resume the marriage relationship thus forfeiting the grounds for divorce and that she continued to remain a loyal and dutiful wife to him until his death.

Much emphasis is placed by the defendants upon the fact that the separation was of short duration, less than 24 hours, but this is immaterial for it is not the duration of the separation but the fact of a bona fide separation that controls.

The defendants concede that under the decisions in *Holsomback v. Caldwell,* 218 Ga. 393 (128 SE2d 47); and *First Nat. Bank of Atlanta v. DeLoach,* 87 Ga. App. 639 (74 SE2d 740), the petition states a claim upon which relief may be had but then contends

that the Statute of Frauds was not taken into consideration in either case.

While not specifically referred to in either case of necessity such fact was considered. The case of *Gordon v. Spellman,* 145 Ga. 682 (89 SE 749, AC 1918A 852) was cited in the *DeLoach* case and *Banks v. Howard,* 117 Ga. 94 (43 SE 438) was cited in the *Holsomback* case. Both of these cases deal expressly with the necessity of compliance with the terms of a contract otherwise within the Statute of Frauds in order for a plaintiff to be in a position to sue for specific performance or for damages for the breach by the other party thereto.

In *Giradot v. Giradot,* 172 Ga. 230 (157 SE 282), this question is squarely presented and passed upon. It was there held that while marriage is not sufficient consideration to take a contract out of the Statute of Frauds, yet marriage together with other consideration (in that case, sale of a store and removal to the defendant's home), is.

Accordingly, the contention of the defendants that the Statute of Frauds was not considered in the *DeLoach* and *Holsomback* cases is without merit.

The plaintiff's petition set forth a claim as against the defenses passed upon by the trial court and the judgment overruling such defenses was not error for any reason enumerated.

*Judgment affirmed. All the Justices concur.*