27446, 27447. PARK et al. v. MINTON et al. (two cases).

ARGUED SEPTEMBER 12, 1972—DECIDED NOVEMBER 9, 1972—
REHEARING DENIED NOVEMBER 30, 1972.

*Twitty & Twitty, Frank S. Twitty, Jr.,* for appellants.

*Frank C. Vann,* for appellees.

MOBLEY, Chief Justice. Mrs. Hettie A. Park, Mrs. Inez A. Reeves, and Mrs. Johnnie A. Mewborne brought a complaint against Mrs. Eunice C. Minton, individually and as administratrix of the estate of J. O. Minton, and the three minor children of J. O. Minton. The complaint alleged that: J. O. Minton died intestate on September 1, 1971, leaving his widow, Eunice C. Minton, and three named minor children as his heirs. At the time of his death J. O. Minton was the owner of described real property. This property was set aside to Mrs. Minton and the three minor children as a year's support, subject to certain security deeds. J. O. Minton was formerly married to the sister of the plaintiffs and inherited the described property from her on her death in 1953. For several years prior to the death ·of the plaintiffs' sister, J. O. Minton had been farming her land and that of the plaintiffs which adjoined it, and he desired to continue farming all of the land together. On January 14, 1953, the plaintiffs and J. O. Minton entered into an agreement wherein the plaintiffs agreed for J. O. Minton to farm their land rent free for the remainder of his life, paying only the ad valorem taxes as they became due, in consideration of which J. O. Minton agreed to devise the property he inherited from their sister to the plaintiffs, their sister and brother. Pursuant to the agreement, J. O. Minton farmed the land owned by the plaintiffs for the remainder of his

life without paying rent. A few years after the contract was made J. O. Minton married Eunice C. Minton. She was fully advised of the agreement. The value of the described property at the time of the agreement was approximately $24,000. The reasonable value of the rental of the plaintiffs' property during the life expectancy of J. O. Minton would exceed the value of the property, and the agreement was fair and equitable. The plaintiffs have fully performed their obligations under the agreement and are entitled to have specific performance. The plaintiffs demanded specific performance, or damages in lieu thereof, and injunctive relief.

The defendants filed motions to dismiss on the grounds that the complaint fails to state a claim upon which relief could be granted; the complaint seeks to set aside a valid judgment of a court of competent jurisdiction and fails to set forth any grounds upon which it could be set aside; and as to the defendants individually, the complaint seeks to recover damages for an alleged breach of contract between J. O. Minton and the plaintiffs on which the defendants are not personally liable.

On June 8, 1972, the trial judge entered a judgment sustaining the motions to dismiss and dismissing the complaint as to all defendants. This order recited that the parties had agreed that if any contract existed, it was oral, and that the year's support proceedings were valid.

Notice of appeal from this judgment was filed by the plaintiffs on July 6, 1972 (Case No. 27446).

On July 11, 1972, the trial judge entered an amended order, adhering to his ruling that the complaint showed no reason why the year's support judgment should be set aside, and that the judgment is superior to any claim asserted in the complaint, but stating that he could not determine as a matter of law from the pleadings whether the plaintiffs have a claim against the estate of J. O. Minton, and therefore against the administratrix in her representative capacity, and this question is left for future determination.

Notice of appeal was filed from this order (Case No. 27447).

■ The appellees have filed motions to dismiss the appeals in both cases, asserting that the appellants have failed to include a statement as to why the Supreme Court has jurisdiction of the appeal in their enumerations of error, and have failed to include a copy of the enumerations in their brief. The appellants have filed amendments to their enumerations of error and briefs supplying the information.

The rules of this court which the appellants have failed to comply with are directory only, and not jurisdictional. Compare *Norton Realty &c. Co. v. City of Gainesville,* 224 Ga. 166, 169 (160 SE2d 819). The motions to dismiss are denied.

■ We consider first the appeal (Case No. 27446) from the judgment dismissing the complaint.

An oral contract to make a will devising land, for a valuable consideration, which contract has been performed by the promisee, will be enforced by specific performance, if its terms are fair and equitable; and if specific performance is impossible, damages will be awarded for its breach. *Banks v. Howard,* 117 Ga. 94 (1) (43 SE 438); *Gordon v. Spellman,* 145 Ga. 682 (89 SE 749, AC 1918A 852); *Redford v. Lloyd,* 147 Ga. 145 (2) (93 SE 296); *Landrum v. Rivers,* 148 Ga. 774 (1) (98 SE 477); *Zachos v. Citizens & Southern Nat. Bank,* 213 Ga. 619 (100 SE2d 418); *Pace v. Pace,* 220 Ga. 66 (5) (137 SE2d 28); *Harp v. Bacon,* 222 Ga. 478 (1) (150 SE2d 655); *Liberty Nat. Bank &c. Co. v. Diamond,* 227 Ga. 200 (179 SE2d 761).

The complaint alleged an oral contract to devise property enforceable in a court of equity.

■ A year's support for the widow and minor children of a decedent is among the necessary expenses of administration and is to be preferred before all other debts except those provided by statute. *Code* § 113-1002, as amended. A year's support will be granted whether the decedent dies testate or intestate, but where the testator by his will makes provision in lieu of the year's support, the widow must elect whether she will take under the will or apply for the year's support. *Code* § 113-1007.

The claim of a widow for a year's support is superior to legacies given by her husband in his will. *Grant v. Sosebee,* 169 Ga. 658, 661 (151 SE 336); *Knowles v. Knowles,* 125 Ga. App. 642, 647 (188 SE2d 800). "The husband can make no disposition of his property by will which will defeat the year's support of his widow." *McNair v. Rabun,* 159 Ga. 401, 407 (126 SE 9). A judgment placing title to property in the widow in a year's support proceeding is superior to the claim of title of a devisee under the will of her husband. *Bowman v. Bowman,* 215 Ga. 459 (111 SE2d 36).

If J. O. Minton, after his marriage to Eunice C. Minton, had devised the property described in the complaint to the appellants pursuant to the contract alleged, the title of the widow and minor children under the year's support proceedings would be superior to the title under the will of J. O. Minton. By analogy, the title under the year's support proceedings is superior to the claim of title of the appellants under the oral contract to devise.

Since specific performance of the contract to devise the described property is impossible, the only remedy that the appellants would have would be damages for the breach of the contract, if there are other assets of the estate. See *Gordon v. Spellman,* 145 Ga. 682 (3), supra. The complaint does not show that there are no other assets from which damages could be paid, and the trial judge erred in dismissing the complaint. Therefore the judgment in Case No. 27446 is reversed.

■ The appeal in Case No. 27447 is from an order which is not a final judgment, and there is no certificate for immediate review. However, consideration of this order was necessary in order to determine what effect it had on the judgment in Case No. 27446.

The order appealed from in Case No. 27447 was entered after the notice of appeal was filed in Case No. 27446. In *Aetna Casualty &c. Co. v. Bullington,* 227 Ga. 485 (1) (181 SE2d 495), it was held: "The filing of a notice of appeal serves to supersede a judgment and while on appeal, the trial court is without authority to modify such judgment.

See *Jackson v. Martin,* 225 Ga. 170, 172 (167 SE2d 135), and citations. Accordingly, the judgment attempting to vacate the prior judgment, though rendered during the same term of court, was a nullity, . . ."

While the trial judge reached the proper result in the amended judgment, it was entered at a time when he had no jurisdiction, and is a nullity.

*Judgments reversed. All the Justices concur.*