## HARPER *vs.* PARKS.

1. A witness is not incompetent for all purposes because the other party to the contract involved in the suit is dead, but is incompetent to testify to what occurred between the witness and deceased. If the other party to the suit, on cross-examination, draws out such testimony, he cannot complain.
2. Plaintiff gave to defendant's wife a piano, and by written contract it was expressed to be a gift for life; defendant claimed that it had previously been given absolutely as an advancement. When the argument was nearly completed, he moved to re-open the testimony to show by a memorandum just discovered the exact date of such gift.
*Held,* that there was no error in refusing the motion, in the view this court takes of the case, even if it was disposed to interfere with the discretion of the presiding judge.
3. Where an absolute gift has been made as an advancement, the parties may subsequently, by mutual agreement, re-settle the terms of the advancement so as to make it a gift for life only.

Witness. Evidence. Practice in the Superior Court. Advancements. Contracts. Before Judge SIMMONS. Pike Superior Court. April Term, 1879.

Mrs. Parks brought trover against Harper to recover a piano. Plaintiff claimed under a written contract between her and the deceased wife of defendant, who was also the

daughter of plaintiff. This contract, which is set out in the decision, gave the piano to deceased for life with reversion to plaintiff. Defendant insisted that his wife did not sign this contract, and also that plaintiff had previously given the piano absolutely to his wife as an advancement.

Plaintiff was introduced as a witness. Defendant objected to her on the ground that the other party to the contract was dead. The court permitted her to testify about a conversation between her and the defendant in regard to the piano; and on cross-examination defendant drew out other testimony in regard to the contract itself.

When the argument was nearly completed, defendant offered to show by a memorandum just found, the exact date of the first giving of the piano. The court refused to re-open the evidence.

The jury found for the plaintiff. Defendant moved for a new trial on the following grounds:

1. Because Mrs. Park was allowed to testify.

2. Because the court refused to allow counsel for defendant to open the case after the argument had commenced, to prove the exact date of the delivery of the piano and the signing of the receipt by Harper and wife, to show that there was a complete contract of delivery before the execution of the contract relied on by plaintiff—this being the main ground of the defense, counsel stating that since closing the case a memorandum had been found by which the date could be fixed exactly. [The judge's note states that the case had been in court several years, and no diligence in discovering the memorandum was shown.]

3. (Not certified).

4. The court erred in not charging the law on the subject of the effect of a receipt for the piano, and of the delivery of it as the absolute property of defendant and wife prior to the making of the written contract.

5. Because the verdict was contrary to law and evidence. The motion was overruled, and defendant excepted.

J. S. Pope; J. S. Boynton, for plaintiff in error.

STEWART & HALL; E. F. DuPREE, for defendant.

WARNER, Chief Justice.

This was an action of trover brought by the plaintiff in the court below against the defendant, to recover the possession of a piano. On the trial of the case the jury found a verdict for the plaintiff. A motion was made for a new trial on the several grounds therein stated, which was overruled, and the defendant excepted.

It appears from the evidence in the record, that on the 3d day of May, 1871, the plaintiff, Carrie Parks, and her daughter, Emma A. Harper, the wife of defendant, executed the following instrument in writing under their hands and seals:

" *Know all men by these presents,* That I, Carrie Parks, have given, and delivered to my daughter, Emma A. Harper, my piano, valued at $409.00, as an advancement, said piano to be hers during her natural life, and upon her death to revert to me. if in life, if not, to my granddaughters, Eulatia C. Dennis and Charlie K. Dennis."

Mrs. Emma A. Harper died in July, 1875. This suit was commenced in May, 1877. The defendant put his defense to the plaintiff's action on two grounds: first, that the piano was given to his wife by her mother absolutely as an advancement, before the written contract was executed; and, second, that the name of his wife to that contract was not in her handwriting.

1. There was no error in allowing the testimony of the plaintiff as to the facts proved by her, on the ground that Mrs. Harper was dead, the judge certifying that he allowed the witness to testify about a conversation had between herself and defendant, in the presence of Mrs. Smith, and that the defendant drew out the balance of the testimony in the record on the cross-examination.

2. There was no error in the refusal of the court to allow the case to be re-opened when the argument was nearly closed, for the purpose of enabling the defendant to prove

the exact date when the piano was delivered to his wife, in the view which we have taken of the case, even if we had been disposed to interfere with the discretion of the court.

3. Assuming that the piano was delivered by Mrs. Parks to her daughter as an absolute advancement, and a receipt given therefor, as contended by the defendant, prior to the execution of the written contract hereinbefore set forth, still, it was competent for the parties (the donee consenting thereto) to re-settle the same on the terms specified in the written contract, and the question was, did Mrs. Harper sign that contract?   The jury have found that she did, and there is abundant evidence to support their verdict.   This view of the case necessarily disposes of the 3d, 4th and 5th grounds of error alleged in the motion for a new trial, and the court did not err in overruling the same.

Let the judgment of the court below be affirmed.