BREWER *v.* MACKEY, administrator.

HILL, J. 1. An oral contract by which one of the parties agrees to make a will with a devise of specific property to the other, as compensation for services rendered and to be rendered to the former during his life, is valid and enforceable. *Gordon* v. *Spellman,* 145 *Ga.* 682 (89 S. E. 749, Ann. Cas. 1918A, 852). See *Waters* v. *Waters,* 167 *Ga.* 389 (2) (145 S. E. 460); *Hankinson* v. *Hankinson,* 168 *Ga.* 156 (2) (147 S. E. 106). The alleged contract, that if the plaintiff would come and live with the deceased, and take care of him the rest of his life, he would make a will and leave to the plaintiff "one half of the house and lot on Bell Street where they now live," was sufficiently definite and specific as to the description of the property involved.

2. The court erred in ruling out testimony that the deceased told the witness that he was going to will one half of his property to the plaintiff. This evidence was not inadmissible for the reason urged, that it was a declaration in disparagement of his title. Civil Code (1910), § 5768. Testimony of a person other than the party to the contract, that he heard the deceased state that he was going to will his property to the plaintiff, is admissible. See *Hankinson* v. *Hankinson,* supra; *Landrum* v. *Rivers,* 148 *Ga.* 774 (7), 785, 789 (98 S. E. 477). Furthermore, there was other evidence not objected to, and tending to the same effect as that ruled out, which was such as to authorize the jury to say, under proper instructions, whether there was a contract made and entered into between the parties, and whether such contract was partly performed.

3. Whether the deceased had sufficient mental capacity to make the contract in controversy was, under the evidence, a question of fact to be submitted to the jury.

4. There were issues of fact to be passed upon by a jury, and the court erred in granting a nonsuit.

*Judgment reversed. All the Justices concur.*

No. 9793. OCTOBER 13, 1933.

*William W. Floyd,* for plaintiff.