ESTATE OF SOLES: KELLY, Executor, and another, Appellants, vs. BOWEN, Respondent.

*March 9—April 3, 1934.*

For the appellants there were briefs by *Kelley & Boerner,* attorneys for the executor, and *Kenneth E. Worthing,* guardian *ad litem,* all of Fond du Lac, and oral argument by *Mr. J. L. Kelley* and *Mr. Worthing.*

For the respondent there was a brief by *Reilly & Cosgrove,* attorneys, and *L. J. Fellenz* of counsel, all of Fond du Lac, and oral argument by *Mr. Frank W. Cosgrove* and *Mr. Fellenz.*

FOWLER, J.    The appellants claim: (1) That the alleged agreement is not supported by the evidence; (2) that if the agreement was made, the evidence shows that it was either abandoned by the claimant or rescinded by the parties or modified in some manner not definitely appearing, and contend that the claimant's rights are limited to the provision for her in her last will and compensation for the reasonable value of the services performed by her for the deceased. The claimant by motion for review contends (3) that the court should have granted her the remedy of specific performance.

The appellants contend that the letters from the deceased do not show an offer as claimed by claimant, and that there is no evidence at all of an acceptance of the offer by the claimant if the offer was made.   The trial judge filed a written opinion in which he detailed at great length and with great care the evidentiary facts.   From the facts thus detailed and from the record which bears out the statements of this opinion, we are of opinion that his findings are not against the "great weight and clear preponderance of the evi-

dence" and therefore cannot be disturbed. No good purpose would be served by reciting these facts in detail. We are of opinion that the letters in evidence, which we have carefully examined, support the inferences that an offer as claimed was made by the letters, and that the deceased admitted in her letters that the offer was accepted by letters from the claimant. Thus there is sufficiently established a written agreement as claimed, much more clearly than the evidence in *Dilger v. Estate of McQuade,* 158 Wis. 328, 148 N. W. 1085, would support an inference of a like agreement. In the case cited, as here, the agreement was claimed to have been made by letters. It was there held that the agreement involved was so made in writing as to constitute a valid agreement to convey real estate as well as personal property, and that failure to devise or will the promisor's property to the claimant entitled the claimant to judgment against the promisor's estate for the full value of the property owned at his death.

The evidence lends more support to the contention that the agreement made was abandoned by the claimant or rescinded by mutual understanding of the parties than to the contention that it was not made. But here, as on the other point, we are of opinion that the trial judge's finding is sustained "that the return trip to Ireland . . . was made pursuant to an understanding . . . on the part of Mary Soles and with her full knowledge and consent and did not constitute a breach of the said agreement." Statements in letters from the claimant inquiring about her return to Fond du Lac were considered by the trial judge as referring to the time when the claimant should return from Ireland rather than to whether she should return. The claimant so explained the references as to warrant that conclusion. Other evidence bearing upon the matter tends strongly to show that the trip to Ireland was intended merely as a visit, and that at the

time it was taken it was contemplated by both parties that the claimant should return and resume performance of her obligation under the agreement. The agreement having been made, the deceased could not abrogate or disregard it, or terminate it without the consent of the claimant, and there is no evidence of such consent by claimant.

The claim filed by the claimant sets out the agreement which she claimed was entered into between herself and the deceased and concluded with a prayer that "an order be entered decreeing the said claimant lawfully entitled to all of the property, both real and personal, of which Mary Soles died seized and possessed, except . . . [debts and administration expenses], or in the alternative that said claim be allowed at a sum equal to the full value of decedent's property" over debts and expenses of administration. At the opening of the trial objection was made that the court did not have jurisdiction to decree specific performance. Counsel for claimant claimed the court had jurisdiction to decree specific performance but stated: "We are willing to present the proof here to the matter of what the most efficacious remedy should be." The trial judge in his opinion stated that: "Whether the proceedings are sufficient to support a judgment for specific performance is not necessary to be decided for the claimant has waived that remedy." He considered that the claim should "be allowed at such sum as shall remain of the entire estate, real and personal, after payment of debts and expenses of administration." It appeared to him that "such a judgment . . . is fully authorized by *Dilger v. Estate of McQuade, supra.*" We are of opinion that it was in the court's discretion to render judgment as entered rather than for specific performance.

*By the Court.*—The judgment of the county court is affirmed.