### 27271. LIBERTY NATIONAL BANK & TRUST COMPANY et al. v. DIAMOND.

GUNTER, Justice. Bernard F. Diamond died on October 12, 1969, leaving a sizeable estate. Appellant was named executor in a will executed by the deceased on March 28, 1968, which was probated in common form on October 21, 1969; letters testamentary were issued to appellant; appellant then filed an application to probate the will in solemn form; and this latter application was contested by the appellee.

Prior to the conclusion of this probate contest, the appellee brought an action against appellant in the Superior Court of Chatham County in which she alleged that she and her deceased husband had entered into a contract which provided that he would leave her one-third of his estate; she alleged that the will sought to be probated in solemn form by the appellant did not so provide; and she

prayed that the contract be specifically performed and that the estate of the deceased be impressed with a trust for one-third of the estate in her favor.

The appellant filed responsive pleadings and also filed a motion for judgment on the pleadings or in the alternative for summary judgment. The trial judge overruled this motion, an appeal was taken to this court, and this court affirmed the judgment of the trial court on that appeal. See *Liberty National Bank &c. Co. v. Diamond,* 227 Ga. 200 (179 SE2d 761) (1971).

The case then proceeded to trial before a jury in March, 1971, beginning on March 22nd and concluding on March 31st. The jury returned a verdict in favor of the plaintiff, and the trial judge entered judgment, in essential part, as follows: ". . . The verdict of the jury is hereby made the judgment and decree of the court and the estate of Bernard F. Diamond, deceased shall be and the same is hereby impressed with a trust for one-third (⅓) of said estate. The legal representatives of said estate are hereby required to specifically perform the contract alleged in the complaint by setting apart and conveying to the plaintiff one-third (⅓) interest in said estate as herein provided."

The appellant filed a motion for judgment notwithstanding the verdict, a motion for new trial, and a motion to set aside the verdict and judgment by reason of fraud. The trial judge overruled and denied these motions on March 31, 1972.

The appellant has now come to this court for review, enumerating twenty-eight (28) errors alleged to have been committed in the trial court. The record certified by the clerk of the trial court consists of 383 pages, the transcript of the trial in the trial court consists of 1,454 pages, the enumeration of errors filed in this court consists of 14 pages, and briefs filed by both parties in this court consist of 310 pages.

From under this mass of pleadings, motions, testimony, documentary evidence, rulings by the trial judge, and

contentious contentions of lawyers for both parties it is necessary for us to emerge with a judicial opinion that is manageable with respect to both length and content. Such an undertaking is ominous and perhaps impossible (considering the other cases awaiting decision in this court), but we nevertheless proceed with the attempt.

1. The basic issue contested by the parties in this case was a rather simple one: Was there a contract in existence between the appellee and her deceased husband to the effect that he would leave her one-third of his estate at his death?

The appellee contended that there was such a contract, and the appellant contended that there was not. The evidence showed that the deceased and his first wife had one child, a son; the deceased had no other children; the first wife of the deceased was an invalid during the latter years of her life, and during this period of time the appellee and the deceased were friends and social companions; the first wife died in 1964, and the appellee and the deceased were married in 1966; the deceased was some 20-odd years older than appellee; because of excessive drinking on the part of the deceased and because of his mistreatment of appellee, appellee separated from him in November, 1967, with the intention of filing a divorce action against the deceased; the separation was a short one, and a reconciliation was almost immediately effected between the deceased and the appellee; it was out of this separation and reconciliation that the contested contract came into being; after this reconciliation the appellee lived with the deceased until his death; and after his death the appellee contended that the will sought to be probated in solemn form did not carry out the terms of the contract, that the contract should be performed by the appellant, and that she was entitled to one-third (⅓) of the estate of the deceased.

The evidence showed that the last will and testament of the deceased, relied on by appellant, and which left the appellee somewhat less than one-third of the estate of the

deceased, was executed some four to five months after the purported separation, reconciliation, and contract, and the contents of the will completely refuted the existence of any such contract on the part of the deceased.

It is the rule in this State that one seeking to establish a contract such as the one in this case, must establish by proof a contract that is certain, definite, clear, and so precise in its terms that neither party can reasonably misunderstand it, and such proof must establish the existence of the contract beyond a reasonable doubt. See *Salmon v. McCrary,* 197 Ga. 281 (29 SE2d 58) (1944) and *Harp v. Bacon,* 222 Ga. 478 (150 SE2d 655) (1966).

Because of our "Dead Man's Statute" (*Code Ann.* § 38-1603) the appellee could not testify as to the separation, reconciliation, and the contract allegedly resulting therefrom. However, three other witnesses did testify as to the existence and terms of the contract. Appellant's interpretation of the testimony of these witnesses on this issue, taken as a whole, is that it fails to meet the rigid test required by law in this State. We have read the testimony of these witnesses very carefully; we can see no point in detailing that testimony in this opinion; and we conclude that the appellant's version of this testimony, urged upon us in this appeal, is unrealistic. Reading the testimony of these witnesses with the simulated eyes and ears of an objective jury, we can readily understand how the jury resolved this issue in favor of the appellee. The evidence on this issue did not demand a finding in favor of the appellee, and it did not demand a finding in favor of the appellant; this issue was a legitimate fact issue for determination by a jury under our system; and we cannot conclude that the terms of the contract were not clearly proved and that the existence of the contract was not proved beyond a reasonable doubt.

The evidence was adequate to sustain the verdict, the trial judge did not commit error in overruling the appellant's motion for judgment notwithstanding the verdict, and the trial judge did not err in overruling the general

grounds of the appellant's motion for a new trial.

2. Appellant's sixth enumerated error complains of the over-ruling of the motion for new trial on the ground of fraud. It is contended that a fraud was perpetrated on the court and jury by solemn admissions in judicio made by appellee's counsel in the final argument to the jury. Appellee's counsel stated in substance that if appellee prevailed in this case she would not pursue any additional claims against the estate of the deceased, and since the verdict of the jury the appellee has, in fact, pursued additional claims against the estate of the deceased.

This strikes us as a rather novel contention. At the time when the motion for a new trial on the basis of fraud was made, the appellee had obtained a jury verdict but had not "prevailed" in this case. The filing of a motion for a new trial on the basis of fraud shows in and of itself that the appellee had not yet "prevailed" in this case. We can understand how this contention could be asserted in subsequent litigation by the appellee against the estate of the deceased if she had in fact "prevailed" in this case. Appellant cannot at this time rely on these "solemn promises and binding covenants" made by appellee's counsel to the jury and the court, because they were predicated upon the appellee "prevailing" in this case. The appellant so far has prevented the appellee from "prevailing" in this case by filing a motion for judgment notwithstanding the verdict, a motion for new trial, a motion for new trial on the basis of fraud, and an appeal to this court.

We conclude that this contention is one asserted out of time, not too late but too soon.

3. Numerous other errors have been alleged by appellant. In the interest of a manageable judicial opinion with respect to length, and to a degree with respect to content, it will have to be sufficient here to say that we have examined each of the other enumerated errors very carefully. None of them individually and all of them in con-

cert are not of sufficient merit to warrant a reversal of the judgment of the trial court.

This was a case vehemently contested by both parties. Several side issues and peripheral claims and accusations were injected into the case, undoubtedly with the belief that they would affect the decision with respect to the one crucial issue in the case. We conclude, as the jury obviously did, that they were not of sufficient importance to have much bearing on the issue of "contract or no contract."

We believe that the case was fairly presented to the jury by evidence creating a factual issue for determination. The determination of that issue was in the domain of the jury in our system. The jury decided in favor of the appellee. The trial judge approved the verdict of the jury, entered judgment thereon, and then overruled all motions of the appellant attempting to upset the verdict or reverse the judgment.

On review we find no error below that would warrant a reversal.

*Judgment affirmed. All the Justices concur.*
ARGUED JUNE 12, 1972—DECIDED NOVEMBER 9, 1972.

*Miller, Beckmann & Simpson, Luhr G. C. Beckmann, Jr., Adams, Adams, Brennan & Gardner, Edward T. Brennan, King & Spalding, Kirk McAlpin,* for appellants.

*Lokey & Bowden, Hamilton Lokey, Austin, Pahno & Moore, Donald E. Austin, Alton D. Kitchings, Belli, Ashe, Ellison, Choulos & Lieff, Melvin Belli,* for appellee.