28081, 28082. LIBERTY NATIONAL BANK & TRUST
COMPANY v. DIAMOND; and vice versa.
28136, 28137. B. F. DIAMOND FOUNDATION v. DIAMOND;
et al.; and vice versa.

INGRAM, Justice. These cases have been consolidated for decision on appeal as they all relate to issues involved in the disposition of the assets of Bernard F. Diamond who died on October 12, 1969. Cases 28081 and 28082 are an appeal and cross appeal from an order of the trial court overruling appellants' motion for judgment notwithstanding a mistrial in the probate contest case of the alleged last will and testament of Mr. Diamond. The main appeal seeks review of pleas of estoppel and motions to dismiss the caveat and appellee's appeal to the superior court in addition to the trial court's order overruling the motion for judgment notwithstanding the mistrial. The cross appeal complains of the trial court's order denying appellee's motion for summary judgment. The trial court's rulings in the case are certified for review, and these appeals will be referred to in the body of our opinion as the "will" case.

In cases 28136 and 28137, the appeal and cross appeal are from a judgment in litigation involving a contract to devise or bequeath where the judgment in the case was construed by the trial court. The main appeal here questions the correctness of the trial court's construction of the judgment while the cross appeal complains of the allowed intervention of the appellant in the main appeal. These appeals will be referred to in this opinion as the "contract" case.

It is essential to an understanding of the issues presented by these several appeals to state briefly the history of these cases. This will first be done and the questions necessary for disposition of these appeals then will be stated in the order they are treated in the opinion.

I.

The alleged will of Bernard F. Diamond offered for probate was

executed on March 28, 1968. After his death, in 1969, the appellants in Case No. 28081 (cross appellees in 28082), as the nominated executors, offered this document for probate in the Court of Ordinary of Chatham County. The widow appellee, Delores Diamond, caveated the probate of the will on the grounds of testamentary incapacity, undue influence, forgery, and fraud (substitution of pages). The ordinary found against the caveatrix and ordered the will probated in solemn form. A de novo appeal was filed in the Superior Court of Chatham County but the trial there ended in a mistrial producing several questions raised by appeal in these two cases. In addition to her attack on the alleged will of Bernard F. Diamond, Mrs. Diamond also filed in the Superior Court of Chatham County a complaint in equity seeking to enforce an alleged oral contract to devise or bequeath made by Bernard F. Diamond during his lifetime. Under the terms of this oral contract, Mr. Diamond agreed, for a valuable consideration, to leave Mrs. Diamond one-third of his estate. This "contract" case spawned two appeals to this court relating to the issues in this case: (1) In *Liberty Nat. Bank &c. Co. v. Diamond,* 227 Ga. 200 (179 SE2d 761), this court decided, inter alia, that Mrs. Diamond could prosecute both the "contract" and the "will" cases concurrently and (2) in *Liberty Nat. Bank &c. Co. v. Diamond,* 229 Ga. 677 (194 SE2d 91), this court affirmed the trial court's judgment establishing the oral contract and awarding, against the named defendants, a judgment in favor of Mrs. Diamond for one-third of the estate of Bernard F. Diamond. Subsequent to the decision of this court, the defendant executors filed a petition in the trial court for construction of the original judgment rendered in the "contract" case. The trial court construed the judgment to award Mrs. Diamond one-third of the gross estate, as it was constituted upon the death of Bernard F. Diamond, rather than one-third of the net estate after payment of inter vivos debts and costs of administration. The B. F. Diamond Foundation was allowed to intervene as a matter of right in that case to protect its interests under the alleged will which made it a residual legatee beneficiary.

The "contract" case was tried before the "will" case in the superior court and counsel for Mrs. Diamond made several rhetorical statements in his argument to the jury in the "contract" case, the thrust of which was that if she prevailed in that case she would make no further claims on the estate. This jury argument prevailed there but it motivated opposing counsel (for the

nominated executors) to urge two pleas of estoppel and motions to dismiss in the subsequently tried "will" case based on the earlier representations made by Mrs. Diamond's counsel to the jury in the "contract" case.

## II.

As we view these combined appeals, it is necessary to decide only three categorical questions. They are: (1) whether the trial court erred in overruling appellant's motion to dismiss the caveatrix' appeal to the superior court in the "will" case because she is estopped to pursue her attack on the validity of the alleged will; (2) whether the trial court erred in permitting the B. F. Diamond Foundation, as residual legatee beneficiary under the alleged will, to intervene in the "contract" case; and (3) whether the trial court erred in construing the judgment in the "contract" case as awarding one-third of the gross estate as opposed to one-third of the net estate (after satisfaction of debts and costs of administration).

## III.

The basic arguments of counsel for appellants in the "will" case are that Mrs. Diamond is estopped to continue her attack on the alleged will of Bernard F. Diamond because the statements of her counsel to the jury in the trial of the "contract" case created an equitable estoppel and his statements were binding admissions and covenants made in judicio. The cases of *Saturday v. Saturday,* 224 Ga. 236 (161 SE2d 509), and *Ellis v. Ellis,* 161 Ga. 360 (130 SE 681) are cited in support of their argument. These cases hold that inconsistent positions may not be taken in separate judicial proceedings to the detriment of the opposing party. However, no equitable estoppel arises in the present case as there is nothing to show that appellants have either relied upon the representations of counsel for Mrs. Diamond or altered their position as a result of such representations to their detriment. Admissions in judicio apply only to facts in litigation in a particular case. These statements of counsel for Mrs. Diamond, standing alone, would not bind her in another case because no fact essential to recovery was there admitted. Certainly, nothing her counsel could have said to the jury in the "contract" case would have precluded her from continuing the "will" case if she had lost the "contract" case. The provisions of Code Ann. § 3-114 state that: "A plaintiff may pursue any number of consistent or inconsistent remedies against the same person or different persons until he shall obtain a satisfaction

of some of them." Ga. L. 1967, pp. 226, 247. This statute is addressed to satisfaction of different claims and its legislative history would seem to indicate that it was amended in 1969 to accommodate the pursuit of inconsistent remedies envisioned by the newly-adopted Civil Practice Act of 1966. See *Cox v. Travelers Ins. Co.,* 228 Ga. 498 (186 SE2d 748). Thus in the appeal of the earlier "contract" case, we held that no estoppel arose in the concurrent pursuit of one claim seeking to obtain title to one-third of the estate pursuant to contract and another seeking to obtain an inheritance or other share of the estate by caveating the 1968 will. Consequently, neither of these principles of estoppel arising from statements made by counsel for Mrs. Diamond as asserted by appellants, is applicable.

We do find, however, that the record now discloses an estoppel arising under the provisions of Code Ann. § 3-114, as a result of the satisfaction of the contract claim by Mrs. Diamond. Under the contract between Mr. and Mrs. Diamond, which has now been enforced by her through the court to final judgment affirmed by this court, she was awarded one-third of the estate. This contract is an agreement to devise or bequeath binding on both parties. It provided, with respect to each of them, how the estate would be divided. Under this contract, as established in court, Bernard F. Diamond was bound to leave Mrs. Diamond one-third of his estate. This necessarily means that he was at liberty to dispose of the remaining two-thirds of his estate free of any contrary claim by Mrs. Diamond. When Mrs. Diamond agreed on the one-third and then enforced it to judgment, under the law she necessarily renounced any claim to the remainder two-thirds of the estate. Applying Code Ann. § 3-114, as we must, when she obtained a judgment on her contract claim, by which the estate was impressed with a trust for her benefit, she became estopped to assert another claim for a different disposition of the estate through caveat of the alleged will. The law did not compel her to pursue the contract claim to judgment (satisfaction). She chose to do so and having done it, the law requires that she keep her satisfied bargain. She simply made an election with respect to disposition of the estate, and the representations of her counsel substantiate such election. As she has recovered in the "contract" case, she cannot now, without offending the provisions of Code Ann. § 3-114, contest her deceased husband's disposition of the remaining two-thirds of the estate.

It is further to be noted upon this reasoning that if Mrs. Diamond

had successfully caveated the will, resulting in an intestate inheritance to her, or accepted the benefits of a legacy under a valid will, she would thereby also have made an election that would have barred a subsequent action by her to enforce the contract if the inheritance or the legacy equaled or exceeded the contract claim. See Noyes v. Noyes, 233 Mass. 55 (123 NE 395) and Steffler v. Schroeder, 12 N. J. Super. 243 (79 A2d 485). The rule in American courts is to the effect that where consideration is rendered upon the understanding that it is to be compensated for by testamentary disposition, the value of the inheritance or legacy (unless otherwise stated in the will) shall be applied upon the reasonable value of such contract claim either in full satisfaction or pro tanto as the case may be. See Sidmore v. Allen, 207 Minn. 452 (292 NW 95) and Sparks, Contracts to Make Wills, 143 (N.Y.U. Press 1956).

## IV.

The B. F. Diamond Foundation, the named residuary legatee in the alleged will of Bernard F. Diamond, was allowed by the trial court to intervene as a matter of right in the action for construction of the judgment in the "contract" case. The cross appeal in this case (28137) by Mrs. Diamond questions the correctness of the trial court's order allowing the intervention. The application to intervene was brought under the provisions of Code Ann. § 81A-124 (a), which reads as follows: "Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject matter of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

The intervention was approved after a hearing on the application and it was predicated on the second aspect of the statute. These provisions require three things: (1) a claim of interest in the subject matter of the litigation; (2) the likelihood that the disposition of the action may as a practical matter impede or impair protection of that interest; and (3) inadequacy of representation of that interest by existing parties. In addition the statute requires a "timely application" for intervention. It is to be noted that a consideration of whether an application to intervene has been timely filed does not depend solely on the

amount of time that may have elapsed since institution of the action. The applicant Foundation promptly moved to intervene in this instance when the action for construction of the judgment was filed by the executors. This followed soon after the Foundation had been advised by attorneys for the executors that they would not seek a rehearing on the decision of this court affirming the judgment of the trial court which awarded Mrs. Diamond one-third of the estate in the "contract" case. Under the circumstances, we cannot hold the trial court abused its discretion in finding this application to intervene was timely. See Diaz v. Southern Drilling Corp., 427 F2d 1118 (11).

Turning to the other requirements of the statute, we find that the intervenor does have an interest in the subject matter of this suit. It is named as residuary legatee in the 1968 will of Bernard F. Diamond and whether Mrs. Diamond is to receive one-third of the gross estate or one-third of the net estate would affect its interest. "Interests in property are the most elementary type of right that [intervention] is designed to protect." Diaz v. Southern Drilling Corp., supra, at p. 1124, and authorities there cited. Clearly, the Foundation has a sufficient interest in the res to meet this portion of the intervention requirements. In addition, there was a likelihood that the disposition of this litigation might impair or impede protection of the Foundation's interest unless it was allowed to intervene. First, as above noted, the Foundation was advised by counsel for the executor bank that no rehearing would be sought in this court in the "contract" case awarding Mrs. Diamond one-third of the estate. Secondly, in this action by the executors for construction of the judgment, the co-executors looked for direction only and did not argue for any specific construction. Thirdly, we find that the executors did not prosecute an appeal from the trial court's judgment. This (after the fact) observation itself tends to confirm that the Foundation's interest would best be asserted through its intervention. It follows that in these circumstances the Foundation's interest in the estate was not adequately represented by the existing parties in the case.

In summary, we conclude that the Foundation made a timely application to intervene in order to protect its interest in the estate and the trial court properly found that the disposition of the case might impair or impede the protection of the Foundation's interest which was not adequately represented by existing parties, thus authorizing the intervention under Code

Ann. § 81A-124 (a).

## V.

We come now to the construction of the judgment in the "contract" case made by the trial court. The judgment itself reads as follows: "The estate of Bernard F. Diamond, deceased, shall be and the same is hereby impressed with a trust for one-third of said estate. The legal representatives of said estate are hereby required to specifically perform the contract alleged in the complaint by setting apart and conveying to the plaintiff one-third interest in said estate as herein provided."

The trial court construed the judgment to award to Mrs. Diamond an "interest in said estate which would equal one-third interest in said estate as said estate was constituted on the 12th day of October, 1969, and all expenses of administration, attorneys' fees, taxes or any other costs must, therefore, be paid out of the residue of the estate."

To reach a conclusion on the correctness of this interpretation of the judgment, it is first necessary to examine the nature of the claim on which the judgment was obtained. No Georgia case has been cited to us and we have found none defining the status of a claimant in an action of this character. The action is one to enforce by specific performance an oral contract to devise or bequeath. This much is clear from the nature of the contract and the complaint filed in the case. But does the petitioner occupy the position of a general legatee upon recovery or a claimant against the estate? We think neither. As observed by Bertel Sparks in his excellent work, Contracts to Make Wills (N.Y.U. Press 1956), "The action for specific performance [of a contract to devise or bequeath] is not a claim against the estate. It is a claim of title to the estate. [In this case, it is a claim of title to one-third of the estate.] . . . The right of the promisee to recover is not affected by his failure to make objection to the distribution and settlement of the estate, his own petition for issuance of letters, or even the filing of his own claim against the estate. It is a claim of property which is completely independent of probate and may be brought after the probate decree has become final." At pp. 153-54, supra. See, also, O'Connor v. Immele, 7 N. D. 346 (43 NW2d 649).

The promisee of such a contract has rights entirely different both from a creditor against the estate and from those of a general legatee. It is not appropriate to regard such a promisee as a general legatee under the will with a judicial codicil appended

by the court to carry out the contract. The claimant then is a contract claimant and contract law must be applied to determine the rights and obligations of the parties to the contract.

By the terms of this contract, we believe only one-third of the net estate was contemplated for Mrs. Diamond. However, we make no determination as to the reasonableness or validity of the specific expenses to be paid in order to calculate the net estate since that issue is not before us.

As author Sparks notes on p. 163 of his book, referred to above: "The promisee of a contract to will all or a fractional part of the promisor's estate also has an equitable right capable of being specifically performed. It, too, is a right to title, not a claim against the estate. It differs materially from the rights under a contract to devise a specific thing in that it does not purport to give the promisee any right to any particular property either at the time of the formation of the contract or at the death of the promisor. By the terms of the contract the promisee is entitled to what is left at the promisor's death. Inter vivos obligations of the promisor must be met before there is anything left for the promisee. The promisee did not contract for and is not entitled to the status of a creditor. The contract creates rather than removes the need for an administration."

We adopt this reasoning as sound and controlling in the construction of the contract judgment in this case. For other cases holding that the extent of recovery is the net estate where all or a fractional part of the estate is the subject of the contract, see: *Fuller v. Fuller,* 109 Ga. App. 386 (136 SE2d 461); Day v. Washburn, 76 N. H. 203 (81 A 474); Ledingham v. Bayless, 218 Md. 108 (145 A2d 434); Peck v. Vandemark, 99 N. Y. 29 (1 NE 41); In re Peterson, 76 Neb. 652 (107 NW 993), affirmed and explained on rehearing, 76 Neb. 661 (111 NW 361); Estate of Soles, 215 Wis. 129 (253 NW 801); Lang v. Chase, 130 Me. 267 (155 A 273).

## VI.

In accordance with the opinion of the court, the judgment of the trial court is reversed in the main appeal in Case No. 28081, with direction that the caveat and appeal to superior court in the "will" case be dismissed. The cross appeal in Case No. 28082 is moot. The judgment of the trial court is reversed in Case No. 28136 with direction that the judgment be modified to award one-third of the net estate to Mrs. Delores Diamond, and the judgment of the trial court in Case No. 28137, on the cross appeal, is affirmed.

*Judgment in Case No. 28081 reversed with direction. Cross appeal in Case No. 28082 dismissed. Judgment in Case No. 28136 reversed with direction. Judgment in Case No. 28137 affirmed on cross appeal. All the Justices concur.*

ARGUED JULY 10, 1973 — DECIDED OCTOBER 25, 1973 —
REHEARING DENIED NOVEMBER 8, 1973.

*Connerat, Dunn, Hunter, Houlihan, Maclean & Exley, Mark M. Silvers, Jr., H. M. Dunn, Jr., Miller, Beckmann & Simpson, Luhr G. C. Beckmann, John B. Miller, Adams, Adams, Brennan & Gardner, Edward T. Brennan,* for Liberty National.

*Austin, Pahno & Fleming, George N. P. Pahno, Donald E. Austin, Alton D. Kitchings, King & Spalding, Kirk McAlpin, Belli, Ashe, Ellison, Choulos & Lieff, Melvin Belli, Lokey & Bowden, Hamilton Lokey, William H. Moore, Jr.,* for Diamond.

*Bouhan, Williams & Levy, Frank W. Seiler, Leamon R. Holliday, Walter C. Hartridge,* for B. F. Diamond Foundation.