## 30030. MARTIN v. TURNER.

HILL, Justice.

Mary H. Turner brought suit for specific performance of an alleged contract to make a will. The jury found in favor of the plaintiff and the administrator of the estate appeals.

The appellant has enumerated the following as error: (1) The admission of testimony as to conversations had with the deceased concerning the alleged contract; (2) the exclusion of testimony of one of defendant's witnesses as to a conversation had with the deceased regarding the deceased's reasons for revoking a codicil to his will; (3) the admission into evidence of copies of the will and canceled codicil; and (4) the court's failure to direct a verdict in favor of defendant, failure to set aside the verdict in favor of the plaintiff, and overruling of defendant's motion for new trial based on the ground that the verdict was contrary to the evidence.

Mary Turner brought suit against the temporary administrator of the estate of C. E. Smith for specific performance of an alleged oral contract between plaintiff and the deceased by which the deceased agreed to provide for plaintiff in his will, namely that plaintiff would receive the proceeds of a certain deed to secure debt and note, in return for her taking the deceased into her home, providing and caring for him for life, and caring for his dog.

C. E. Smith had two sisters and four half brothers and half sisters. He married in 1939 but had no children. A farmer, he raised four foster children, one of which was plaintiff's husband.

Following his retirement from farming and his wife's death, he lived with a relative in Jacksonville, Florida, a few months before coming to live with plaintiff and her husband, where he stayed during the year preceding his death in February 1973 at age 81.

The evidence showed that during that year plaintiff cared for the deceased, acting as nurse, dietician, and housekeeper. It is unnecessary to recount the details of this hygienic care.

One of plaintiff's relatives testified over objection as

to statements made to him by the deceased on two occasions to the effect that he had made a bargain with plaintiff that she would care for him and his dog and he would take care of her at the time of his death.

Plaintiff's daughter testified over objection that the deceased stated that he was going to talk to his lawyer about having his will changed to provide plaintiff with a monthly income because he had an agreement with her to care for him and his dog and she had kept her side of the bargain.

Plaintiff's husband testified that he took the deceased to town to see his lawyer and testified further, over objection, that on the trip home the deceased said that he had had his will fixed.

Copies of the will, executed in 1968, and codicil, executed August 28, 1972, were admitted into evidence over objection. The codicil devised to plaintiff a deed to secure debt and promissory note on a farm previously owned by the testator.

In answer to questions put to her on cross examination, plaintiff testified that the deceased asked her if his giving her by will, the income from his farm would be sufficient to pay for his and his dog's care as long as they lived, that the deceased thereafter showed her his will and insisted that she read it, and that he put it away and she never learned that he had torn up the codicil.

Testimony by one of defendant's witnesses that the deceased told him that his making of a codicil in favor of plaintiff was a mistake and that he had torn it up, was excluded.

1. In a suit upon an alleged oral agreement to make a will, testimony as to statements of the deceased, indicating that he had made the agreement with the plaintiff as alleged, was not objectionable as hearsay, but was admissible as declarations by a person since deceased against his interest, as provided in Code § 38-309. *Miller v. Everett,* 192 Ga. 26 (3) (14 SE2d 449); *Brewer v. Mackey,* 177 Ga. 813 (2) (171 SE 273).

2. In such a case, testimony as to a statement by the deceased, indicating that he intended to devise nothing to the plaintiff, was properly excluded since the statement was self-serving and the evidence would have been

hearsay. *Miller v. Everett,* supra (4).

3. In *Maddox v. Rowe,* 23 Ga. 431, 434, a suit for specific performance of an oral contract to make a will, the will made was invalid for lack of one witness. There, in affirming the overruling of a general demurrer, the court said that although the will was void as a will, it was good as a writing to help prove the oral contract. That court would not have allowed the suit to be maintained based upon a writing which would be inadmissible at trial.

From *Maddox v. Rowe,* supra, it follows that a will, or codicil, written pursuant to an alleged oral contract to make a will, although revoked, is admissible in a suit upon such contract as a writing to help prove the oral contract.

4. Appellant's final argument involves the sufficiency of the evidence and is at least in part predicated upon anticipated success upon the evidentiary enumerations of error disposed of above adversely to appellant. We therefore include in our consideration the evidence favorable to plaintiff heretofore mentioned and find that the evidence supports the verdict.

The testimony of the plaintiff as to statements of the deceased was not objectionable as hearsay (see Division 1). Although her testimony was not competent under the "Dead Man's Statute," Code § 38-1603 (1), because her testimony was elicited by the administrator of the deceased's estate, this incompetency was waived. *Harper v. Parks,* 63 Ga. 705 (1); *Sumter County v. Pritchett,* 125 Ga. App. 222 (4) (186 SE2d 798).

The terms of the alleged contract were sufficiently definite and specific. Regarding the obligations upon the deceased, the codicil executed pursuant to the agreement specified his obligations. In a contract to provide housing, maintenance and care, equal specificity as to the obligations of the homemaker is not required.

There was evidence of performance of the agreement by plaintiff during the life of the deceased. Appellant argues that because the deceased's dog is still in life, plaintiff has not yet performed her obligations in full. This argument should have been addressed to the jury for their consideration as to its merit. The jury, under the instructions of the trial court, found that plaintiff had

performed her part of the agreement.

The trial court did not err in failing to direct a verdict in defendant's favor, nor in failing to set aside the verdict for the plaintiff, nor in overruling the motion for new trial based upon the ground that the verdict was contrary to the evidence. *Liberty Nat. Bank &c. Co. v. Diamond,* 229 Ga. 677 (1) (194 SE2d 91).

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 11, 1975 — DECIDED
SEPTEMBER 11, 1975.

*Lane & Sanders, Thomas C. Sanders,* for appellant.
*Arthur W. Fudger,* for appellee.